# No. 21-11180

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Allyson Raskin; JD 1; JD 2, minors by and through their managing conservator parent,

Plaintiffs - Appellants

v.

Dallas Independent School District; Dallas Independent School District Board of Trustees; Michael Hinojosa, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry, all in their Individual Capacities and in their Capacities as Members of the Dallas Independent School District Board of Trustees,

Defendants - Appellees

# On Appeal from
United States District Court for the Northern District of Texas

3:21-CV-2429

---

# BRIEF OF APPELLANT ALLYSON RASKIN

---

SUBMITTED BY:

Allyson Raskin

5533 Meletio Lane
Dallas, TX 75230

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th C<small>IR</small> Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| Dallas Independent School District | Kathryn Long of Thompson & Horton, L.L.P. Dallas, TX |

| **Appellants:** | **Counsel for Appellants:** |
|---|---|
| Allyson Raskin | Allyson Raskin Dallas, TX |

| **Other Interested Parties:** | **Counsel for Interested Parties:** |
|---|---|
|  |  |
|  |  |
|  |  |

S/Allyson Raskin
Pro se

## STATEMENT REGARDING ORAL ARGUMENT

As an issue of appeal relates to competence and familial decision making, appellant stands ready to present oral arguments as it relates to individualized circumstances, in order for this Court to make an informed discretionary decision.

# TABLE OF CONTENTS

**Contents.......................................................................................Page(s)**

CERTIFICATE OF INTERESTED PERSONS......................................................iii

STATEMENT REGARDING ORAL ARGUMENT.............................................iv

TABLE OF CONTENTS.........................................................................................v

TABLE OF AUTHORITIES....................................................................................1

JURISDICTIONAL STATEMENT.........................................................................2

STATEMENT OF THE ISSUES.............................................................................2

STATEMENT OF THE CASE.................................................................................3

SUMMARY OF THE ARGUMENT.......................................................................5

ARGUMENT............................................................................................................5

CONCLUSION.........................................................................................................8

CERTIFICATE OF SERVICE................................................................................10

CERTIFICATE OF COMPLIANCE......................................................................11

# TABLE OF AUTHORITIES

**Cases**……………………………………………………………………**Pages(s)**

Thomas v. Astrue, 674 F. Supp. 2d 507 (S.D.N.Y. 2009)......................................5

Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59 (2d Cir. 1990)..6

Devine v. Indian River County School Board, 249 F.3d 1289 (11th Cir. 2001)…6

Derek A. Denckla, Nonlawyers and the Unauthorized Practice of Law: An Overview of the Legal and Ethical Parameters, 67 Fordham L. Rev. 2581 (1999) ......................................................................................................................6

Machadio v. Apfel, 276 F.3d 103 (2d Cir. 2002)...................................................6

Gallo v. United States, 331 F. Supp. 2d 446 (E.D. Va. 2004)...............................6

Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002)...........................................7

## JURISDICTIONAL STATEMENT

We are bringing this case to the 5th Circuit as we believe that Dallas ISD is involved with federal question violations pursuant to 28 U.S.C. § 1331. Appellant also contends that numerous claims provide reentry into pendent consideration after resolving issues presented in this brief. This Court has jurisdiction over appeals from the District Court pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether using a rigid interpretation of the "counsel mandate" was in the best interests of child litigants.

2. Whether the District Court considered all motions to date when forming their opinion.

# STATEMENT OF THE CASE

On August 9, 2021 the Dallas ISD, through its superintendent Dr. Michael Hinojosa, informed the school district parents that wearing masks would be required for all students. On Monday, October 4, 2021 Plaintiff brought 4 claims pro se on behalf of her minor children JD1 and JD2 (collectively, "Plaintiffs") in response to the mask policy:

- Count I – 42 U.S.C § 1983 – Violation of Procedural Due Process (5th and 14th Amendments)
- Count II – 42 U.S.C § 1983 – Violation of Substantive Due Process (Fourteenth Amendment)
- Count III – 42 U.S.C § 1983 – Violation of Procedural Due Process (TX Constitution Art. I, § 13 and Art. I, § 19)
- Count IV – 42 U.S.C § 1983 – Violation of Substantive Due Process (TX Constitution Art. I, § 13 and Art. I, § 19)

Plaintiff attached several affidavits from parents with similar concerns. Plaintiff also attached affidavits of fact from scientific experts regarding the general harm caused by the Defendant's policy.

On October 26th, 2021 Defendants filed a motion to dismiss all claims for, among other reasons, qualified immunity and "next friend" standing of Plaintiff (representing child litigants) pursuant to 28 U.S.C. § 1654.

On November 16th, 2021 Plaintiff amended their complaint with five new counts in lieu of recent policy decisions taken by Defendants:

- Count V – Violation of the Texas Open Meetings Acts
- Count VI – Constitutional rights of plaintiff, JD1 and JD2 are continued to be violated due to contact tracing.
- Count VII – Financial burden and egregious harm to plaintiff and JD2.
- Count VIII – Infringement of privacy and person information
- Count IX – Immunization Clinics to be established "on-site" at DISD locations

Also on November 16th, 2021 Plaintiff filed a motion for preliminary injunctive relief related to the amended claims. Also on November 16th, 2021 Plaintiff filed a response to Defendants' motion to dismiss (Oct 26th).

On November 17th, 2021 the District Court filed an Opinion and Order *sua sponte* addressing Defendants' motion to dismiss and Plaintiffs' amended complaints, dismissing without prejudice for lack of Article III standing in Plaintiff's amended complaint, thus additionally for lack of supplemental jurisdiction over the remaining claims.

# SUMMARY OF THE ARGUMENT

This case is significant for the courts to hear in order to preserve our family's civil rights and for justice to prevail. Our family's only remedy is this suit and we believe that representing ourselves pro se is in our best interest. Whether due to oversight or discretion, we also believe the District Court unfairly disregarded arguments in the original complaint, the amended complaint, and the Response to the Motion to Dismiss.

# ARGUMENT

Issue 1: Invoking the "counsel mandate"

The District Court invoked a doctrine ("counsel mandate") that disallows "individuals who do not have a law license" to "represent other parties", inappropriately framing myself as a *wanna-be attorney* practicing law without a license. By rigidly adhering to this doctrine, the District Court ignored existing precedent of applying this rule with discretion in the case of pro se parents.

Although not entirely under the same circumstances, courts have relaxed the counsel mandate in situations where the pro se parent has a "significant stake in the outcome of the litigation". Thomas v. Astrue, 674 F. Supp. 2d 507 (S.D.N.Y.

2009). I request this Court similarly consider exempting this suit from the counsel mandate.

To the best of my knowledge, the counsel mandate is intended to (1) avoid inviting abuse of the litigation process Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59 (2d Cir. 1990) and (2) "to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." Devine v. Indian River County School Board, 249 F.3d 1289 (11th Cir. 2001).

**Abuse and unscrupulous conduct**

Similar to other early-dismissal criteria, an initial assessment will find that my suit is neither frivolous, malicious, nor fails to state a claim. If the criteria for "ineffective advocates" requires a rule-never-broken doctrine, it is unlikely that any professional counsel would live up to this high bar. Furthermore, "courts have inherent and statutory power to impose the same sanctions against nonlawyer representatives that are currently imposed upon lawyers for unethical tactics or lack of candor." Derek A. Denckla, Nonlawyers and the Unauthorized Practice of Law: An Overview of the Legal and Ethical Parameters, 67 Fordham L. Rev. 2581 (1999).

Yes, pro se litigants, such as myself, will make mistakes. However, "basic standards of competence" have been met. Machadio v. Apfel, 276 F.3d 103 (2d Cir. 2002). The only remaining concern is the best interests of the child litigants.

"**Protecting the rights of children**"
Gallo v. United States, 331 F. Supp. 2d 446 (E.D. Va. 2004)

If dismissed on a mere procedural rule, the children involved in this suit would not have sufficient remedy. The mandate assumes statistical probability of a better litigation outcome. Due to the recent firing of an incompetent attorney, the decision to litigate pro se is partially in spite of the quality of representation. In sum, the lack of counsel itself is a familial decision that affects the financial and litigation health of these actions.

Were I a malicious parent working against the children's best remedy, an obvious mandate would be preferred. However, our interests are thoroughly and visibly "intertwined". Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002). Retain-counsel-or-lose is a particularly fatal consequence for the second tenet of the counsel mandate.

Standard of review: *de novo*

Issue 2: Relevant pleadings/motions possibly overlooked

It is unclear whether the District Court considered the original complaint (Counts I-IV) in its written Opinion. I was instructed to provide the delta of new

7

claims in the amendment. I am not aware of any reason for the District Court to only address the Counts V-IX in its decision, especially as it relates to Article III standing and supplemental jurisdiction. It is also unclear whether it is ordinary to omit pre-amended claims in the decision making process.

Also not mentioned in the Opinion are any concerns in the Plaintiff's Response to the Motion to Dismiss filed on November 16, 2021. It is unclear whether the District Court viewed this Response or whether this Response's content affected the Opinion. To the contrary, the District Court shows evidence that it has overlooked it, stating "in lieu of responding".

I ask for clarification whether the *sua sponte* decision jumped the gun and/or overlooked important procedural aspects of the case.

## CONCLUSION

Because the District Court did not consider precedent allowing individualized discretion for the "counsel mandate", and because the circumstances warrant an "intertwined" familial decision for proceeding pro se, this Court should allow the suit to play out on merit. Dismissing the case would do injustice to the child litigants involved, thereby resisting the original intent of the counsel mandate.

This Court should also clarify whether the *sua sponte* Opinion was premature and whether the Opinion addressed important aspects of the case.

SUBMITTED BY:
S/Allyson Raskin

5533 Meletio Lane
Dallas, TX 75230

## CERTIFICATE OF SERVICE

I certify that on January 18, 2021, the foregoing document was served, via e-mail to klong@thompsonhorton.com :

Kathryn E. Long, Thompson & Horton LLP

S/Allyson Raskin

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: this document contains 1827 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using LibreOffice Version: 7.1.1.2 in 14 point Times New Roman.

_____

S/Allyson Raskin