## No. 21–11180

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Allyson Raskin, on behalf of her minor children JD1 and JD2,

*Plaintiff-Appellant,*

*v.*

Dallas Independent School District; Dallas Independent School District
Board of Trustees; Michael Hinojosa, Superintendent of the Dallas
Independent School District in his individual capacity and in his official
capacity as Superintendent of the Dallas Independent School District;
Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie
Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin
Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry,
all in their Individual Capacities and in their Capacities as Members of
the Dallas Indpendent School District Board of Trustees,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
Civil Action No. 3:21-cv-2429-L

## BRIEF OF APPELLEES DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, MICHAEL HINOJOSA, BEN MACKEY, EDWIN FLORES, MAXIE JOHNSON, JOE CARREON, DUSTIN MARSHALL, DAN MICCICHE, KARLA GARCIA, JOYCE FOREMAN, AND JUSTIN HENRY

Kathryn E. Long
State Bar No. 24041679
klong@thompsonhorton.com

Carlos G. Lopez
State Bar No. 12562953
clopez@thompsonhorton.com

K. Adam Rothey
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

# CERTIFICATE OF INTERESTED PERSONS

The number and style of this case is as follows: *Allyson Raskin, on behalf of her minor children JD1 and JD2 v. Dallas Independent School District; Dallas Independent School District Board of Trustees; Michael Hinojosa, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry, all in their Individual Capacities and in their Capacities as Members of the Dallas Independent School District Board of Trustees*; No. 21–11180, In the United States Court of Appeals for the Fifth Circuit.

The undersigned counsel of record for Appellees Dallas Independent School District, *et al.*, certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Allyson Raskin, on behalf of her minor children JD1 and JD2—**Plaintiff-Appellant**

2. Dallas Independent School District—**Defendant-Appellee**

3. Dallas Independent School District Board of Trustees—**Defendant-Appellee**

4. Michael Hinojosa, in his individual capacity and his official capacity as Superintendent of the Dallas Independent School District—**Defendant-Appellee**

5. Ben Mackey, in his individual capacity and his official capacity as President of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

6.   Edwin Flores, in his individual capacity and his official capacity as 1st Vice President of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

7.   Maxie Johnson, in his individual capacity and his official capacity as 2nd Vice President of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

8.   Joe Carreon, in his individual capacity and his official capacity as Board Secretary of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

9.   Dustin Marshall, in his individual capacity and his official capacity as Member of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

10.  Dan Micciche, in his individual capacity and his official capacity as Member of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

11.  Karla Garcia, in her individual capacity and her official capacity as Member of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

12.  Joyce Foreman, in her individual capacity and her official capacity as Member of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

13.  Justin Henry, in his individual capacity and his official capacity as Member of the Dallas Independent School District Board of Trustees—**Defendant-Appellee**

14.  Kathryn E. Long, Carlos G. Lopez, and K. Adam Rothey of the law firm THOMPSON & HORTON LLP—**Counsel for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Directors, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry**

iv

/s/    *Kathryn E. Long*

Kathryn E. Long
*Attorney of Record for Defendants-
Appellees Dallas Independent School
District, Dallas Independent School
District Board of Trustees, Michael
Hinojosa, Ben Mackey, Edwin Flores,
Maxie Johnson, Joe Carreon, Dustin
Marshall, Dan Micciche, Karla Garcia,
Joyce Foreman, and Justin Henry*

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Dallas Independent School District, *et al.*, (collectively, "Dallas ISD" or the "District") believe that oral argument is not necessary. This appeal involves the dismissal of federal and state law claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367(c). The questions before the Court involve the routine application of well-settled law pertaining to Article III standing, the prohibition—with limited exceptions not applicable here—on *pro se* plaintiffs bringing claims on behalf of minor children, the discretionary exercise of supplemental jurisdiction, and the superseding effect of an amended complaint. Because the legal arguments are adequately presented in the briefs, the decisional process would not be significantly aided by oral argument. If, however, the Court determines that oral argument would be beneficial, Dallas ISD stands ready to participate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................iii

STATEMENT REGARDING ORAL ARGUMENT ................................. vi

TABLE OF CONTENTS ................................................................vii

TABLE OF AUTHORITIES ........................................................ x

JURISDICTIONAL STATEMENT ....................................................xiv

ISSUES PRESENTED ............................................................ xv

STATEMENT OF THE CASE ................................................... 1

I.      Raskin's Original Complaint ........................................... 1

II.     Dallas ISD's Motion to Dismiss the Original Complaint ................ 2

III.    Raskin's Response to Dallas ISD's Motion to Dismiss, the
        Amended Complaint, and the Motion for Preliminary
        Injunction .......................................................... 4

IV.     The district court's Memorandum Opinion and Order ................... 5

V.      The district court's Judgment and Raskin's appeal ..................... 9

SUMMARY OF THE ARGUMENT ........................................... 10

ARGUMENT ....................................................................... 11

I.      The standard of review. ............................................... 11

II.     The district court correctly dismissed the federal claims in
        the Amended Complaint sua sponte because Raskin lacks
        standing to bring them on her own behalf and lacks authority
        to bring them on behalf of her minor children. ...................... 12

        A.      The district court correctly addressed standing defects
                in the Amended Complaint's federal claims sua sponte
                because it had a duty to address jurisdictional defects
                when they became apparent. ................................ 13

        B.      The district court correctly held that Raskin lacks Article
                III standing to bring the federal claims in her Amended

Complaint because those claims do not allege her own injury, but only injury to her minor children. ...................... 14

C.   The district court correctly held that Raskin lacked authority to bring the federal claims in her Amended Complaint on behalf of her minor children because Raskin is not an attorney. .................................................... 19

1.   The general rule in the Fifth Circuit is that a pro se parent may not bring claims on behalf of a minor child except in limited circumstances not applicable here. ................................................................................. 19

2.   The non-binding authorities cited by Raskin do not support an exception to the Fifth Circuit's general rule in cases other than SSI determination appeals. ......................................................................... 25

3.   The district court correctly dismissed Raskin's federal claims in the Amended Complaint because she cannot bring claims on behalf of her minor children pro se. ........................................................... 35

III.   The Amended Complaint superseded the Original Complaint; but even if it did not, Raskin's claims in the Original Complaint suffer from the same jurisdictional defects as do those in the Amended Complaint. .................................................................... 37

A.   The district court correctly addressed only the claims in the Amended Complaint because it superseded the Original Complaint. ............................................................. 39

B.   Even if the Amended Complaint incorporated the Original Complaint's claims, those claims suffer from the same defects as the Amended Complaint's federal claims. .......... 43

C.   The district court correctly dismissed the remaining state law claims in the Amended Complaint because no state law issue, principle of economy, or exceptional circumstance compelled maintaining supplemental jurisdiction. .............. 45

CONCLUSION AND PRAYER .............................................................. 47

CERTIFICATE OF SERVICE ................................................................. 50

CERTIFICATE OF COMPLIANCE ....................................................... 50

# TABLE OF AUTHORITIES

**Cases**

*Aduddle v. Body*,
   277 F. App'x 459 (5th Cir. 2008) ...........................................21, 22, 44

*Bass v. Parkwood Hosp.*,
   180 F.3d 234 (5th Cir. 1999) ................................................................46

*Bowling v. Roach*,
   816 F. App'x 901 (5th Cir. 2020) ...................................................12, 42

*Brainerd v. Sawyer*,
   54 F. App'x 406 (5th Cir. 2002) .....................................................11, 12

*Cadle Co. v. Neubauer*,
   562 F.3d 369 (5th Cir. 2009) ................................................................14

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013)..............................................................................15

*Cotton v. Certain Underwriters at Lloyd's of London*,
   831 F.3d 592 (5th Cir. 2016) ................................................................14

*Devine v. Indian River Cnty. Sch. Bd.*,
   121 F.3d 576 (11th Cir. 1997) .......................................................33, 34

*Devine v. Indian River Cnty. Sch. Bd.*,
   249 F.3d 1289 (11th Cir. 2001) ............................................................33

*Doddy v. Oxy USA, Inc.*,
   101 F.3d 448 (5th Cir. 1996) .........................................................45, 47

*Enochs v. Lampasas Cnty.*,
   641 F.3d 155 (5th Cir. 2011) .........................................................46, 47

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.*,
   301 F.3d 329 (5th Cir. 2002) ................................................................14

*Fountain v. Thaler*,
   629 F. App'x 592 (5th Cir. 2015).....................................................25, 36

*Gallo v. United States*,
   331 F. Supp. 2d 446 (E.D. Va. 2004) ....................................................30, 31, 32

*Giles v. NYLCare Health Plans, Inc.*,
   172 F.3d 332 (5th Cir. 1999) ............................................................................44

*Gonzales v. Wyatt*,
   157 F.3d 1016 (5th Cir. 1998) .........................................................................19

*Harris v. Apfel*,
   209 F.3d 413 (5th Cir. 2000) ..........................................................22, 23, 24, 30

*Jacobson v. Commonwealth of Mass.*,
   197 U.S. 11 (1905)...........................................................................................3

*Johnson v. Lufkin Daily News*,
   48 F. App'x 917 (5th Cir. 2002) ...........................................................21, 22, 44

*King v. Dogan*,
   31 F.3d 344 (5th Cir. 1994) ............................................................40, 42, 43

*Kiser v. Dearing*,
   442 F. App'x 132 (5th Cir. 2011) ...................................................................42

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994)........................................................................................15

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................................................................17, 18

*Machadio v. Apfel*,
   276 F.3d 103 (2d Cir. 2002) ....................................................................*passim*

*Maldonado v. Apfel*,
   55 F. Supp. 3d 296 (S.D.N.Y. 1999) ..........................................................22, 23

*McDonal v. Abbott Labs.*,
   408 F.3d 177 (5th Cir. 2005) ..........................................................................13

*McZeal v. Deutsche Bank Nat'l Trust Co.*,
   726 F. App'x 968 (5th Cir. 2018).....................................................................42

*Myers v. Loudoun County Public Schools*,
    418 F.3d 395 (4th Cir. 2005) ................................................................20

*Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*,
    555 U.S. 438 455–56 ............................................................................39

*Robertson v. Neuromedical Ctr.*,
    161 F.3d 292 (5th Cir. 1998) .........................................................45, 46

*Rolf v. City of San Antonio*,
    77 F.3d 823 (5th Cir. 1996) ................................................................41

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .............................................................................13

*Sanders v. Boeing Co.*,
    No. 20-10882, 2021 WL 3412509 (5th Cir. Aug. 4, 2021) ................12

*SEC v. AMX, Int'l, Inc.*,
    7 F.3d 71 (5th Cir. 1993) ........................................................12, 15, 42

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .............................................................14, 16, 18, 45

*Sprague v. Dep't of Fam. & Protective Servs.*,
    547 F. App'x 507 (5th Cir. 2013) ................................................*passim*

*Thomas v. Astrue*,
    674 F. Supp. 2d 507 (S.D.N.Y. 2009) ..................................................30

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ...................................................................16, 18

*Velazquez v. United States*,
    835 F. App'x 733 (5th Cir. 2020) ........................................................40

*Watson v. City of Allen, Tx.*,
    821 F.3d 634 (5th Cir. 2016) ...............................................................46

*Willoughby v. United States*,
    730 F.3d 476 (5th Cir. 2013) ...............................................................12

*Wilson v. Birnberg*,
  569 F. App'x 343 (5th Cir. 2014) .......................................................40

*Winkelman v. Parma City Sch. Dist.*,
  550 U.S. 516 (2007) ...............................................................34, 35

**Statutes**

20 U.S.C. § 1400, *et seq.* ...........................................................34, 36

28 U.S.C. § 1367 ................................................................6, 9, 10, 45

28 U.S.C. § 1654 .........................................................................20

42 U.S.C. § 405(g). .....................................................................24

42 U.S.C. § 406 .........................................................................28

42 U.S.C. § 1983 ...............................................................1, 2, 25, 44

42 U.S.C. § 2000ff, *et seq.* ......................................................5, 34, 35

Tex. Fam. Code § 151.001 ................................................................5

Tex. Gov't Code § 551.001 ...............................................................5

**Other Authorities**

20 C.F.R. § 416.1505 ................................................................28, 29

Fed. R. Civ. P. 12(h)(3) ...............................................................13

Fed. R. Civ. P. 15 .....................................................5, 8, 21, 22, 38, 42

5A Charles Alan Wright & Arthur R. Miller,
  *Fed. Prac. & Proc.* § 1326 (4th ed.) ...............................................40

Tex. Const. art. I, § 13 ................................................................2

Tex. Const. art. I, § 19 ................................................................2

U.S. Const. amend XIV ...............................................................1, 2

U.S. Const. amend V ....................................................................1

# JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and issued its Memorandum Opinion and Order and separate Judgment on November 17, 2021, which disposed of all claims. ROA.316–26. Notice of appeal was timely filed on November 29, 2021. ROA.327. This Court has jurisdiction under 28 U.S.C. § 1291.

# ISSUES PRESENTED

1.    A plaintiff lacks Article III standing to bring claims that do not allege her personal injury, and a *pro se* plaintiff lacks authority to bring claims on behalf of other parties, even her own minor children. *Pro se* plaintiff Allyson Raskin ("Raskin") filed an amended complaint including two federal claims for alleged violations of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*, alleging only injuries to or harm suffered by her minor children. Did the district court correctly dismiss these federal claims *sua sponte* because Raskin lacked Article III standing to bring them on her own behalf and lacked authority to bring them on behalf of her minor children?

2.    An amended complaint supersedes an original complaint and renders it of no legal effect unless the amended complaint specifically adopts or incorporates by reference the original complaint. Raskin filed an amended complaint that did not specifically adopt or incorporate by reference her original complaint or any of the claims asserted therein. Did the district court correctly dismiss Raskin's case and all claims in the amended complaint for lack of subject matter jurisdiction, without addressing the claims in her original complaint?

# STATEMENT OF THE CASE

Raskin, on behalf of her minor children JD1 and JD2, appeals from the district court's judgment dismissing without prejudice all claims asserted in her amended complaint. ROA.327.

## I.     Raskin's Original Complaint

On October 4, 2021, Raskin filed her original complaint *pro se* in the United State District Court for the Northern District of Texas against Dallas ISD; Dallas ISD's Board of Trustees; Michael Hinojosa individually and in his capacity as Superintendent of Dallas ISD; and Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry in their individual capacities and as members of the Dallas ISD Board of Trustees (hereinafter, the "Original Complaint"). ROA.1–3; ROA.12–40.

The Original Complaint alleged that Dallas ISD's mask mandate violated her children's due process rights under the United States and Texas Constitutions, and that Raskin was "aggrieved by the immediate and irreparable injury, loss, and damage suffered by JD1 and JD2" as a result of the mask mandate. ROA.35.

The Original Complaint alleged four causes of action: "COUNT I – 42 U.S.C. § 1983 – Violation of Procedural Due Process (5th and 14th

Amendments) Against All Defendants"; "COUNT II – 42 U.S.C. § 1983 – Violation of Substantive Due Process (Fourteenth Amendment) – Against All Defendants"; "COUNT III – Violation of Procedural Due Process (TX Const. Art. I, § 13 and Art. I, § 19) Against All Defendants"; and "COUNT IV – Violation of Substantive Due Process (TX Const. Art. I, § 13 and Art. I, § 19) Against All Defendants." ROA.35–39.

Raskin concedes that all four claims were brought "*pro se* on behalf of her minor children." Appellant's Br. at 3; *see also* ROA.13 ¶ 1.

## II.    Dallas ISD's Motion to Dismiss the Original Complaint

On October 26, 2021, Dallas ISD filed a motion to dismiss the claims in the Original Complaint because "(1) Raskin lacks standing to pursue these claims pro se on her children's behalf or on her own behalf; (2) Dallas ISD's mask mandate does not deny Raskin or her children any life, liberty, or property interest to support her procedural due process claims; (3) there is no fundamental constitutional right to not wear a mask to state a substantive due process claim; (4) Dr. Hinojosa and the Trustees are entitled to qualified immunity; and (5) even if Dallas ISD's mask mandate infringed upon a constitutional right, all constitutional rights may be reasonably restricted to combat a public health emergency.

2

*See Jacobson v. Commonwealth of Mass.*, 197 U.S. 11, 31 (1905)." ROA.259.

As to standing, the motion made three arguments. First, the motion cited law holding that "the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings" and argued "the Court should dismiss all claims brought by Raskin on behalf of her children." ROA.260. Second, the motion cited law requiring a plaintiff-parent "to establish Article III standing for any claim raised on her own behalf," and argued "Raskin does not plead facts to show she personally suffered the harm complained of and, therefore, has no standing to pursue a claim on her own behalf." ROA.260–61. Third, the motion cited law establishing that Raskin's allegation of the "mere 'possibility' of a drop in oxygen saturation of the blood and increase in carbon dioxide, is not a plausible allegation of a concrete and particularized injury as to either Raskin or her children," and thus she had "failed to establish that she has standing to pursue claims on her own behalf or on behalf of her children." ROA.261.

## III. Raskin's Response to Dallas ISD's Motion to Dismiss, the Amended Complaint, and the Motion for Preliminary Injunction

On November 16, 2021, Raskin serially filed a "Response to Motion to Dismiss" (ROA.290–305), an "Amendment to Complaint" (hereafter, the "Amended Complaint") (ROA.306–312), and an "Emergency Motion for a Preliminary Injunction" (ROA.313–15).

The Amended Complaint began with a preliminary statement: "Plaintiff, Allyson Raskin, respectfully move [sic] for the court to file Amendment to Complaint and move forward with hearing. New information not available at the time of original filing of complaint was not available [sic] and substantiates Plaintiff's case in regards [sic] to the violations of right of Plaintiff herself and her children JD1 and JD2. Rule 15(1)(b) [sic] in which a responsive pleading is required." ROA.309.

The Amended Complaint alleged five claims as follows: "(I) Count V – Violation of Texas Open Meetings Acts"; "(II) Count VI – Constitutional rights of plaintiff, JD1 and JD2"; "(III) Count VII – Financial burden and egregious harm to plaintiff and JD2"; "(IV) Count VIII – Infringement of privacy and person [sic] information"; and "(V) Count IX Immunization Clinics to be established 'on-site' at DISD

locations". ROA.309–12. The Amended Complaint did not specifically adopt or incorporate by reference the Original Complaint.

## IV.   The district court's Memorandum Opinion and Order

On November 17, 2021, the district court entered its Memorandum Opinion and Order, which vacated referral to the magistrate judge and "address[ed] certain jurisdictional concerns raised by the parties' motions and pleadings." ROA.316. By way of procedural background, the district court noted Raskin filed her Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) "in lieu of responding to the Motion to Dismiss." ROA.317. The court found the Amended Complaint contained two "federal claims for alleged violations of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*" ("GINA"), and three "state law claims for alleged violations of the Texas Open Meetings Act[] and Texas Government Code § 551.001 (Count V); and alleged violations of Texas Family Code § 151.001 regarding the rights and duties of parents, including the duty to provide medical care and make medical decisions (Counts VI and VII)." ROA.317–18. The court noted that, "[w]ith respect to the claims alleged, Plaintiffs' Amended Complaint starts with Count V and does not include Counts I through IV." ROA.318.

"Having considered the parties' motions, pleadings, and applicable law, the court *sua sponte* dismiss[ed] without prejudice for lack of Article III standing" the two federal claims in the Amended Complaint. ROA.316–17. Then, because it had dismissed the only federal claims raised by the Amended Complaint, the court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c). ROA.317.

In analyzing the Amended Complaint's federal claims (Counts VIII and IX), the court stated that subject matter jurisdiction was "a threshold issue" it had an independent duty to assess—at any level of proceedings and even *sua sponte*—and thus began its analysis by addressing Article III standing. ROA.318–19. In so doing, the court noted "Plaintiffs amended their pleadings and repackaged their claims against Defendants in an apparent attempt to address Defendants' contention that Ms. Raskin lacks standing to sue *pro se* on behalf of her children," but held that "the two federal claims alleged in Plaintiffs' Amended Complaint continue to suffer from the same defect." ROA.318–19.

The court explained that Article III standing required Raskin to allege that she personally had suffered injury that was concrete, particularized, and actual or imminent. ROA.319–20. The court then noted the two federal claims in the Amended Complaint were "brought on behalf of JD1 and JD2 by their mother" and were "based entirely on harm that will allegedly occur to Ms. Raskin's children or harm allegedly suffered by the children as a result of their personal genetic or medical information being disclosed or their suffering discrimination as a result of their COVID-19 vaccination status." ROA.320–21. Thus, the court held, the two federal claims did not allege that Raskin's "own rights have been violated or that she personally suffered any injury sufficient to establish Article III standing." ROA.321.

The court further explained that the law did not allow Raskin to sue *pro se* on behalf of her children because "individuals who do not have a law license may not represent other parties, even minor children, on a next-friend basis." ROA.321. "Accordingly, the federal claims asserted here by Ms. Raskin on behalf of her children … must be dismissed without prejudice, as there is no indication that Ms. Raskin is a licensed

attorney or that she has Article III standing to bring[ ] these claims on her own behalf." ROA.321.

The Memorandum Opinion and Order observed that Dallas ISD's "Motion to Dismiss and Article III standing argument was directed at the claims in Plaintiffs' Complaint," but noted the district court had "authority to address the issue *sua sponte*" in analyzing the Amended Complaint. ROA.321. "In any event, Plaintiffs had an opportunity to respond to Defendants' Motion to Dismiss and their standing argument but elected, instead, to attempt to cure this jurisdictional defect, albeit unsuccessfully, through amendment of their pleadings, which they were entitled to do under Rule 15." ROA.321–22.

In analyzing the Amended Complaint's three remaining state law claims (Counts V to VII), the district court began by noting it enjoyed "wide discretion" to decline supplemental jurisdiction over pendent state law claims after dismissing all federal claims over which it had original jurisdiction. ROA.322. After setting forth the legal factors relevant to a decision to decline supplemental jurisdiction, it also noted the factors "[n]ormally" leaned "in favor of dismissing without prejudice any remaining state law claims" when all federal claims have been dismissed.

8

ROA.322. The court held the remaining state law claims "involve novel issues of state law and policy related to COVID-19" and "substantially predominate over the federal claims to the extent they deal with the alleged effects of DISD's mask mandate policy." ROA.323. And because the federal claims were dismissed in the infancy of the lawsuit, "significant resources have not been expended by the parties or the court to warrant keeping the state law claims in federal court." ROA.323. Nor was the court "aware of any exceptional circumstances or other compelling reason for it to retain jurisdiction" over the remaining state law claims, and thus held that dismissal of those claims "best serves the principles of economy, convenience, fairness, and comity." ROA.323. As a result, the court found 28 U.S.C. § 1367's statutory factors weighed "in favor of the court declining to exercise jurisdiction over the Plaintiffs' state law claims," and therefore dismissed them without prejudice. ROA.323.

## V.    The district court's Judgment and Raskin's appeal

On November 17, 2021, the district court also issued its "judgment pursuant to its memorandum opinion and order of November 17, 2021" (the "Judgment"). ROA.325–26. The Judgment dismissed Raskin's

federal claims (Counts VIII and IX) "without prejudice for lack of jurisdiction" and Raskin's remaining state law claims (Counts V through VII) without prejudice pursuant to 28 U.S.C. § 1367(c). ROA.325. The Judgment reiterated in a footnote that "[w]ith respect to the claims alleged, Plaintiffs' Amended Complaint starts with Count V and does not include Counts I through IV." ROA.325.

Raskin filed her Notice of Appeal on November 29, 2021. ROA.327.

## SUMMARY OF THE ARGUMENT

Raskin purports to bring federal and state law claims against Dallas ISD in connection with the District's mask requirement. The district court properly dismissed the federal claims raised in her Amended Complaint because Raskin lacks Article III standing to pursue them on her own behalf having failed to plead any injury to herself and lacks authority to pursue them *pro se* on behalf of her minor children because she is not a licensed attorney. No case law supports Raskin's argument that the general rule in the Fifth Circuit prohibiting non-attorney parents from representing their children *pro se*—outside the context of appeals of social security determinations—should not apply to her case.

Moreover, the district court properly construed the Amended Complaint as superseding the Original Complaint, which obviated any need to address Raskin's procedural and substantive due process claims asserted in the Original Complaint. But, even if the Amended Complaint did not supersede the Original Complaint, Raskin's procedural and substantive due process claims suffer from the same jurisdictional defects as her federal claims in the Amended Complaint; namely, she alleges no personal injury to establish her own standing and she lacks authority as a non-attorney to pursue those claims *pro se* on her children's behalf. Finally, having properly dismissed all federal claims from the lawsuit, the district court acted within its wide discretion to decline to exercise supplemental jurisdiction over the remaining state law claims in the Amended Complaint. For the foregoing reasons, as more fully discussed herein, the Judgment of the district court should be affirmed.

## ARGUMENT

## I.   The standard of review.

"A district court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction." *Brainerd v. Sawyer*, 54 F. App'x 406, at *1 (5th Cir. 2002) (citing FED. R. CIV. P. 12(h)(3)). "The district court's order

11

of dismissal is reviewed *de novo*." *Id.* (citing *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 945 (5th Cir. 1994)); *see also Sanders v. Boeing Co.*, No. 20-10882, 2021 WL 3412509, at *2 (5th Cir. Aug. 4, 2021) ("We review *de novo* the district court's *sua sponte* dismissal for lack of subject-matter jurisdiction.").

A federal court construes *pro se* pleadings liberally. *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). However, even a *pro se* plaintiff bears the burden of proving that the requirements of federal subject-matter jurisdiction are met. *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013). Moreover, "*pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law." *Bowling v. Roach*, 816 F. App'x 901, 903 (5th Cir. 2020) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

## II.   The district court correctly dismissed the federal claims in the Amended Complaint *sua sponte* because Raskin lacks standing to bring them on her own behalf and lacks authority to bring them on behalf of her minor children.

The district court's Memorandum Opinion and Order (1) addressed the standing defects in the Amended Complaint's federal claims *sua sponte*, (2) held Raskin lacked Article III standing to bring those claims on her own behalf because they alleged no personal injury to her, and

(3) held Raskin lacked authority to bring those claims on behalf of her minor children because she was proceeding *pro se*. ROA.318–22. As demonstrated below, each of these actions was correct and district court's dismissal of those claims without prejudice should be upheld on appeal.

>    **A.    The district court correctly addressed standing defects in the Amended Complaint's federal claims *sua sponte* because it had a duty to address jurisdictional defects when they became apparent.**

The district court's decision to address Raskin's standing *sua sponte* is well-supported by Fifth Circuit and United States Supreme Court authorities. "[S]ubject matter jurisdiction is non-waivable and delimits the power of federal courts." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). Therefore "subject matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, a federal court has an "independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case." ROA.319 (Memorandum Opinion and Order (citing *Ruhrgas*, 526 U.S. at 583)). In other words, "any federal court may raise subject matter jurisdiction *sua sponte*." *McDonal*, 408 F.3d at 182 n.5; *see also* FED. R. CIV. P. 12(h)(3)

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A deficiency in Article III standing is a deficiency in a federal court's subject-matter jurisdiction. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594 (5th Cir. 2016); *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). Thus, it was proper for the district court to address the standing issues arising from the Amended Complaint's federal claims *sua sponte*. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002) (a federal court must, where necessary, raise issue of Article III standing *sua sponte*).

**B.    The district court correctly held that Raskin lacks Article III standing to bring the federal claims in her Amended Complaint because those claims do not allege her own injury, but only injury to her minor children.**

The district court found the Amended Complaint contained only two federal claims (Counts VIII and IX for alleged violations of GINA) that were "brought on behalf of JD1 and JD2" and alleged only harm to Raskin's children "as a result of their personal genetic or medical information being disclosed or their suffering discrimination as a result

14

of their COVID-19 vaccination status."[1] ROA.320–21.  The district court,

therefore, correctly dismissed these two federal claims without prejudice

on the ground that they failed to establish Raskin's Article III standing

because they did not allege that Raskin's "own rights have been violated

or that she personally suffered any injury." ROA.321.

The district court's Memorandum Opinion and Order correctly set

forth the law regarding allegations of injury sufficient to establish a

plaintiff's Article III standing. "Federal courts are courts of limited

jurisdiction. They possess only that power authorized by the Constitution

and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994); *cf.* ROA.319. More particularly, "Article III of the Constitution

limits federal courts' jurisdiction to certain cases and controversies."

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citations

omitted); *cf.* ROA.319. As the district court correctly explained, "[a] suit

---

[1] Raskin does not challenge the district court's interpretation of Counts VIII and IX in the Amended Complaint as claims under GINA. In any event, the district court's liberal construction of those claims was proper. *See AMX, Int'l, Inc.*, 7 F.3d at 75. Count VIII alleges Dallas ISD's contact tracing/quarantine policy violated GINA by discriminating against unvaccinated students and staff. ROA.311. Count IX does not explicitly cite GINA (or any constitutional or statutory authority), but its allegation concerning the collection and sharing of genetic data derived from DNA testing justifies the district court's conclusion that it purported to assert a federal claim under GINA.

brought by a plaintiff without Article III standing is not a case or controversy and deprives an Article III federal court of subject matter jurisdiction over the suit." ROA.319 (citing *Spokeo*, 578 U.S. at 337). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [Article III standing]." *Spokeo*, 578 U.S. at 338; *cf*. ROA.320.

Article III standing requires an "irreducible constitutional minimum" of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338; *cf*. ROA.319–20. At the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Spokeo*, 578 U.S. at 338 (punctuation and citation omitted).

A properly alleged injury in fact must be "concrete and particularized"—that is, "real, and not abstract." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203–04 (2021); *cf*. ROA 319–20. Physical or monetary harms are concrete injuries for Article III purposes; so are intangible harms such as violations of constitutional rights. *TransUnion*, 141 S. Ct. at 2304; *cf*. ROA.320. An injury is sufficiently particularized when it is alleged to have personally and individually harmed the

plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992); *cf.* ROA.320. As the district court noted, "a generalized grievance" is insufficient. ROA.320 (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982)).

A properly alleged injury in fact must also be "actual or imminent;" put negatively, it must not be "conjectural" or "hypothetical." *Lujan*, 504 U.S. at 560; *cf.* ROA.319–20. As the district court held, a harm is actual if it has happened, and imminent if it is "sufficiently threatening, not merely if it may occur at some future time." ROA.320 (citing *Lujan*, 504 U.S. at 564).

The district court correctly applied Article III standing law to the two federal claims in Raskin's Amended Complaint. Specifically, the court held that the Amended Complaint "do[es] not allege that Ms. Raskin's own rights have been violated or that she personally suffered any injury sufficient to establish Article III standing to sue for alleged violations of [GINA]" (Counts VIII and IX of the Amended Complaint). ROA.321. This holding is correct. Count VIII of the Amended Complaint, entitled "Infringement of privacy and person [sic] information," alleges Dallas ISD's contact tracing/quarantine policy discriminates against

unvaccinated student body and staff. ROA.311. It makes no allegation regarding Raskin at all, let alone an allegation that Raskin was personally and individually harmed. Similarly, Count IX of the Amended Complaint, entitled "Immunization Clinics to be established 'on-site' at DISD locations," alleges only Raskin's concern for "her children's personal privacy" due to COVID-19 testing and data collection. ROA.311–12. It does not allege that Raskin was personally and individually harmed due to the alleged conduct.

As a result, each claim fails to sufficiently allege particularized injury to Raskin and therefore fails to sufficiently allege Raskin's injury in fact. *Lujan*, 504 U.S. at 560 n.1; *TransUnion*, 141 S. Ct. at 2203–04. Thus, the district court correctly concluded that neither federal claim in the Amended Complaint alleged that Raskin "personally suffered any injury sufficient to establish Article III standing to sue." ROA.321; *Spokeo*, 578 U.S. at 337. Raskin's brief on appeal offers no argument to the contrary.

**C.  The district court correctly held that Raskin lacked authority to bring the federal claims in her Amended Complaint on behalf of her minor children because Raskin is not an attorney.**

Having concluded Raskin lacked standing to bring her federal claims on her own behalf, the district court further held that "the law does not allow parents like Ms. Raskin to lodge claims and sue *pro se* on behalf of their children" because "individuals who do not have a law license may not represent other parties, even minor children, on a next-friend basis." ROA.321. That holding should be affirmed.

**1.  The general rule in the Fifth Circuit is that a *pro se* parent may not bring claims on behalf of a minor child except in limited circumstances not applicable here.**

The district court correctly set forth and relied on the rule in the Fifth Circuit prohibiting a *pro se* plaintiff from bringing claims on behalf of another party, including her own minor children, except in limited circumstances not applicable here. ROA.321 (Memorandum Opinion and Order (citing *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam), *cert. denied*, 571 U.S. 1223 (2014))).

In *Sprague*, this Court began by stating that, "[i]n federal court, parties are guaranteed by statute the right to proceed *pro se*." *Id*. at 508 (citing 28 U.S.C. § 1654); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021

(5th Cir. 1998) ("28 U.S.C. § 1654 only allows for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."). This Court quoted *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) to demonstrate that "the 'vast majority of our sister circuits' have held that 'non-attorney parents generally may not litigate the claims of their minor children in federal court.'" *Sprague*, 547 F. App'x at 508. Amongst the sister circuit cases cited in *Myers*, the Second Circuit's explanation of the reason for this rule in *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.* is instructive.

In *Cheung*, the Second Circuit stated that, while a litigant in federal court has the right to act as his or her own counsel, that right arises from respect for that person's choice to plead his or her own cause. 906 F.2d 59, 61 (2d Cir. 1990). However, "[t]he choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions." *Id.* (citation omitted). Consequently, the court held, there is "no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others." *Id.* "It goes without saying," the

20

court stated, "that it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Id.* The court therefore held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Id.*

Returning to *Sprague*, the opinion recited several cases in which the Fifth Circuit adhered to the rule articulated in *Cheung* by holding that a party could not proceed *pro se* when bringing claims in federal court on behalf of a minor child. *Sprague*, 547 F. App'x at 508. For example, in *Johnson v. Lufkin Daily News*, this Court held that the plaintiff "could not proceed *pro se* on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child." *Id.* (citing *Johnson v. Lufkin Daily News*, 48 F. App'x 917 (5th Cir. 2002)). In *Morgan v. Texas*, this Court held "that because the plaintiff was proceeding *pro se*, she did not have the authority to assert claims on behalf of her minor child." *Id.* (citing *Morgan v. Tex.*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007)). And in *Aduddle v. Body*, this Court held that, "even assuming the [plaintiff] grandfather was the legal guardian of the grandchild, because he was not an attorney, he did not have the authority

to represent her on a *pro se* basis." *Id.* (citing *Aduddle v. Body*, 277 F. App'x 459 (5th Cir. 2008)).

The *Sprague* court noted, however, one case in which the Fifth Circuit has "recognized an exception to this rule, allowing parents to bring suit *pro se* on behalf of minor children in an attempt to secure social security benefits." *Id.* (citing *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). In *Harris*, this Court faced an action by a *pro se* parent on behalf of her minor child challenging the Commissioner of Social Security's denial of supplemental security income ("SSI") benefits. *Harris*, 209 F.3d at 414. The Commissioner asserted on appeal that the plaintiff could not maintain a *pro se* action on behalf of her minor child in federal court, relying *inter alia* on the Second Circuit's decision in *Cheung. Id.* This Court examined the narrow question of "whether a non-attorney parent can appear *pro se* on behalf of a minor child in a social security case, an issue not previously directly considered by this court." *Id.*

The *Harris* court began by reiterating that several circuit courts beyond the Second Circuit "have held, albeit outside the social security context, that a non-attorney parent cannot appear *pro se* on behalf of a minor child." *Id.* at 415 n.3. *Harris* then addressed *Maldonado v. Apfel*,

a case from the Southern District of New York that set forth several reasons why the rule in *Cheung* did not apply in the case of a *pro se* parent appealing an SSI determination. *Harris*, 209 F.3d at 416 (citing *Maldonado v. Apfel*, 55 F. Supp. 3d 296 (S.D.N.Y. 1999)). First, in SSI cases, a minor in a low-income family could not afford to "exercise the right to appeal except through a parent or guardian." *Id.* Second, in SSI cases, the minor's rights can be protected without counsel because the reviewing court must ensure that all relevant facts were developed in the record. *Id.* And third, "SSI appeals are not subject to abuse because the proceeding only involves the appeal from the denial of monetary benefits and the review of an administrative record." *Id.* Moreover, "the statute requires payment to the parent or guardian, the very person who seeks to sue." *Id.* (punctuation and citation omitted).

*Harris* also pointed out that *Maldonado* "found important legal and policy considerations" justifying "allowing parents to represent their children in SSI cases." *Id.* Specifically:

> (1) the parents represented their children throughout the administrative proceedings and they should be permitted to do so on appeal; (2) an appeal from the denial of SSI benefits is a common and fairly simple proceeding that is often prosecuted without the assistance of counsel;

> (3) plaintiffs in these cases are often unable to obtain counsel; and (4) child SSI benefits are intended to aid disabled children while they are children and therefore those rights must be vindicated in a timely manner.

*Id.* (quoting *Maldonado*, 55 F. Supp. 2d at 305). The *Harris* court found two aspects of *Maldonado*'s reasoning particularly persuasive. *Id.* at 417. First, "the rights of minors in SSI appeals can be adequately protected without legal counsel – the proceedings essentially involve the review of an administrative record." *Id.* Second, "prohibiting non-attorney parents from proceeding *pro se* in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review under [42 U.S.C.] § 405(g)." *Id. Harris* therefore held that a non-attorney parent is "permitted to sustain a *pro se* action on behalf of a minor child in SSI appeals." *Id.*

This Court in *Sprague* recognized that *Harris* "distinguished social security proceedings from the general rule," and emphasized that *Harris* turned on the fact that "minors' rights would be adequately protected without legal counsel" in the SSI context "because those proceedings essentially involve the review of an administrative record." *Sprague*, 547 F. App'x at 508. "In contrast," this Court stated, "we are aware of no

comparable exception that has ever been expressly recognized for a lawsuit based on § 1983 or general state tort law, which are the claims brought in the instant lawsuit." *Id.* (punctuation and citation omitted). *Sprague* therefore upheld the district court's dismissal of the plaintiff's claims on behalf of her minor child without prejudice because she was proceeding *pro se. Id.* This Court has since affirmed dismissal of federal constitutional claims (having nothing to do with social security determinations) brought on behalf of a parent plaintiff's minor daughter because he was *pro se* and "did not have the authority to bring claims on behalf of [his daughter]." *Fountain v. Thaler*, 629 F. App'x 592, 595 (5th Cir. 2015) (citing *Sprague*). It remains the rule in the Fifth Circuit that outside of the context of appeals of SSI determinations, *pro se* parents do not have authority to bring claims on behalf of their children as Raskin attempted to do.

> **2.     The non-binding authorities cited by Raskin do not support an exception to the Fifth Circuit's general rule in cases other than SSI determination appeals.**

Raskin asserts the district court's application of the Fifth Circuit's general rule prohibiting *pro se* plaintiffs from bringing claims on behalf of minor children, which she refers to as the "counsel mandate," "ignored

existing precedent of applying this rule with discretion in the case of *pro se* parents." Appellant's Br. at 5. But the authority Raskin relies on is primarily from the Second Circuit, and in any event supports an exception to the general rule only in the specific context of an SSI determination appeal. Moreover, the Fifth Circuit has specifically considered the authority cited by Raskin in upholding the general prohibition in all cases except an SSI determination appeal.

The centerpiece of Raskin's authorities is the Second Circuit's opinion in *Machadio v. Apfel*, 276 F.3d 103 (2d Cir. 2002). Raskin relies on it to support her contention that she should be able to bring her minor children's claims *pro se* because she has a "significant stake in the litigation," has interests that are "intertwined" with her children's, and can meet "basic standards of competence." *Cf.* Appellant's Br. at 5–7 *with Machadio*, 276 F.3d at 106–07. However, as explained below, the Second Circuit made clear that these considerations only justify the exception to the general rule in the particular context of an SSI determination appeal.

In *Machadio*, a plaintiff parent filed an application for SSI benefits on behalf of her minor daughter, which was denied by the Commissioner of Social Security. *Machadio*, 276 F.3d at 105. The plaintiff appealed the

decision by filing *pro se* in federal district court, which permitted her to proceed without counsel, and the district court upheld the denial. *Id*. On appeal, the Second Circuit narrowly cast the issue: "[W]hether a non-attorney parent may bring a *pro se* action on behalf of her child *appealing an administrative denial of disability benefits*." *Id*. (emphasis added). The court began its analysis by invoking the general rule it set forth in *Cheung* "that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Id*. at 106 (citing *Cheung*, 906 F.2d at 61). It also articulated the reason for that rule: "minors 'are entitled to trained legal assistance so their rights may be fully protected,'" but "non-attorney parents are not trained to represent competently the interests of their minor children in 'claims that require adjudication.'" *Id*.[2]

The Second Circuit's subsequent analysis explains how the peculiarities of the SSI appeal process provide a justification for an exception to the rule not present "in other kinds of actions." *Id*. at 107. The analysis turned on deference to a Congressional determination that

---

[2]    Contrary to Raskin's assertions, this is the primary purpose behind the general rule, not avoiding abuse of the litigation process. Appellant's Br. at 6. The Second Circuit did note, however, that allowing parents or "guardians to bring *pro se* litigation also invites abuse." *Cheung*, 906 F.2d at 61.

claimants in SSI proceedings may be represented by non-attorneys because those proceedings are simpler than regular litigation. *Id.* The Second Circuit began by noting that its prior precedent permitted a *pro se* plaintiff estate administrator to bring an action for social security benefits because only his interests were at stake. *Id.* It then distinguished the plaintiff in *Machadio* because, while she had a "significant stake" in the proceedings, it was "intertwined" with the interests of her daughter. *Id.* But this alone was insufficient to create an exception; after all, many *pro se* parents have a significant stake in litigation that is intertwined with their minor children whose claims they are bringing; yet, that reality does not satisfy *Cheung*'s concern that non-attorney parents generally lack the training necessary to competently represent their children's interests in litigation. *Cheung*, 906 F.2d at 61.

The Second Circuit therefore turned to statutory and regulatory authority granting non-attorney parents the ability to "represent their children in proceedings before the Commissioner." *Machadio*, 276 F.3d at 107. Specifically, the court was "informed by both Congress's judgment as indicated in [42 U.S.C. § 406] and the Commissioner's implementing regulations[] that non-attorneys who meet the standards of 20 C.F.R.

§ 416.1505 have the basic competence needed to represent claimants in proceedings involving the denial of SSI benefits." *Id*. Importantly, the Second Circuit interpreted the statute and regulation as reflecting Congress's "view that *such proceedings do not necessarily present the complexities present in other kinds of actions*." *Id*. (emphasis added). It was this Congressional determination that addressed *Cheung*'s concern that non-attorney parents generally cannot competently represent their children's interests in litigation. *Cheung*, 906 F.2d at 61.

It is therefore only in the context of SSI proceedings—in which non-attorneys may participate by Congressional dispensation because they do not present "the complexities present in other kinds of actions"—that *Machadio* permits a *pro se* parent to bring an SSI appeal on behalf of her minor children. *Machadio*, 276 F.3d at 107. And even then, only if she "has a sufficient interest in the case and meets basic standards of competence." *Id.* The Second Circuit drew a clear line: though *pro se* parents are not necessarily prohibited from bringing claims on behalf of their minor children in SSI appeals, they are "in other kinds of actions." *Id.*

The Fifth Circuit in *Sprague* cited and addressed *Machadio* as a case, like *Harris*, that "distinguished social security proceedings from the general rule" because particular aspects of those proceedings suggested parents could adequately protect minors' rights without legal counsel. *Sprague*, 547 F. App'x at 508 (citing *Harris*, 209 F.3d at 417 and *Machadio*, 276 F.3d at 107). Raskin's cited Second Circuit authorities[3] are therefore inapposite precisely because this case is not a social security proceeding; it is one of the "other kinds of actions," full of complexities that *pro se* parents are not trained competently to address and as to which Congress has not granted a right of representation to non-attorneys. This case is therefore subject to the general rule prohibiting such parents from representing the interests of their minor children.

Raskin also cites *Gallo v. United States*, 331 F. Supp. 2d 446 (E.D. Va. 2004). Appellant's Br. at 7. But that case merely stands for the general rule against which Raskin protests, and even illustrates the

---

[3]    Raskin also cites *Thomas v. Astrue*, 674 F. Supp. 2d 507 (S.D.N.Y. 2009) for the proposition that "courts have relaxed the counsel mandate in situations where the *pro se* parent has a 'significant stake in the outcome of the litigation.'" Appellant's Br. at 5–6. But *Thomas* does not differ from *Machadio* because it also dealt with a challenge by a *pro se* parent on behalf of her daughter to a social security determination, and simply applied *Machadio* in concluding the parent could proceed unrepresented because she had a "significant stake in the litigation." *Thomas*, 674 S. Supp. 2d at 511–12.

dangers arising from the *pro se* parental representation that the general rule proscribes. In *Gallo*, a *pro se* plaintiff sued the federal government under the Federal Tort Claims Act for negligent medical care provided to her and her minor daughter by an Army medical center, and the government brought a motion to dismiss "on the ground that a parent or guardian cannot litigate *pro se* on behalf of a child." *Id.* at 447. The district court stated that "courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel." *Id.* (citing authorities from the Second, Third, Ninth, and Tenth Circuits). It also articulated the reason for the rule: "It is generally not in the interest of a child to be represented by a non-attorney, who will likely be unable to protect her rights and vigorously prosecute litigation on her behalf." *Id.* at 448. The court went on to note that plaintiff's "failure to respond to the government's discovery requests in a timely manner illustrates some of the problems that may arise when parties attempt to proceed pro se in complex lawsuits." *Id.* Accordingly, the court prohibited plaintiff from representing her daughter because "[i]n proceeding *pro se*, she risks running her daughter's potentially meritorious claim aground." *Id.*

In short, *Gallo* supports Dallas ISD's position, not Raskin's. Raskin also cites *Gallo* for the proposition that she must be permitted to proceed *pro se* to avoid denying her children a sufficient remedy. Appellant's Br. at 7. But *Gallo* again suggests the opposite—that the rule prohibiting *pro se* representation of a minor's claim is reconciled with protection of the minor's rights by granting the parent an opportunity to retain counsel. *Gallo*, 331 F. Supp. 2d at 448–49. And Raskin has already had multiple opportunities to retain counsel. Indeed, she admits that she actually retained counsel in the early stages of this lawsuit, but fired them. Appellant's Br. at 7. The district court's Memorandum Opinion and Order informed Raskin that she needed counsel and dismissed her case without prejudice, permitting her another opportunity to retain counsel. ROA.321. But rather than hire a different attorney, Raskin filed this appeal, asserting that her family "believe[s] that representing ourselves *pro se* is in our best interest." Appellant's Br. at 5. Having purposefully declined to obtain counsel when given the chance, she has no legal basis for seeking an exemption from the rule upheld by the very authority she cites in her brief.

Raskin's remaining cited authorities serve her no better. Her citation to a law review article is inapposite because it is secondary authority that does not even address the federal courts' rule against *pro se* parent representation of minor children, let alone challenge it. Appellant's Br. at 6 (citing Derek A. Denckla, *Nonlawyers and the Unauthorized Practice of Law: An Overview of the Legal and Ethical Parameters*, 67 Fordham L. Rev. 2581, 2597 (1999)).

Raskin also cites to *Devine v. Indian River County School Board*, 249 F.3d 1289 (11th Cir. 2001) for the proposition that parents must retain counsel to bring claims on behalf of their children "to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." Appellant's Br. at 6. That is a valid citation, but that case does not involve or address parents proceeding *pro se* on behalf of a minor child and does not include the quoted language in Appellant's Brief. Presumably Appellant's Brief meant to cite to a different case of the same name that does include the quoted language: *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581–82 (11th Cir. 1997). In that case, the Eleventh Circuit denied a parent's right to represent his son in a federal district court case alleging violations of the

Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA") because, while the IDEA grants parents "the right to present evidence and examine witnesses in due process hearings held pursuant to IDEA, there is no indication that Congress intended to carry this requirement over to federal court proceedings." *Devine*, 121 F.3d at 581–82 (citation omitted).

*Devine* was overruled by the United States Supreme Court in *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007), which held that the various interlocking provisions of the IDEA accorded parents "independent, enforceable rights at the administrative stage," and "it would be inconsistent with the statutory scheme to bar them from continuing to assert these rights in federal court" because the IDEA "does not *sub silentio* or by implication bar parents from seeking to vindicate rights accorded to them once the time comes to file a civil action." *Id.* at 526–27. *Winkelman* is distinguished from this case on two grounds. First, Raskin's claims have nothing to do with the IDEA. Second, the federal statute behind Raskin's GINA claims—42 U.S.C. § 2000ff, *et seq.*—accords parents no rights at all. To the contrary, GINA merely prohibits *employment* discrimination on the basis of genetic information by

employers, employment agencies, and labor organizations. *See generally* 42 U.S.C. § 2000ff, *et seq*. Thus, *Winkelman* does not change the district court's application of the general rule the Fifth Circuit set forth in *Sprague*.

> ### 3. The district court correctly dismissed Raskin's federal claims in the Amended Complaint because she cannot bring claims on behalf of her minor children *pro se*.

The district court correctly applied the foregoing Fifth Circuit cases precluding *pro se* parents from bringing claims on behalf of their minor children (except in SSI cases) to dismiss the two federal claims in Raskin's Amended Complaint. This is because Raskin brings Counts VIII and IX (for alleged violations of GINA) on behalf of her children and alleges only harm to her children. ROA.311–12; ROA.320–21.

Count VIII of the Amended Complaint, entitled "Infringement of privacy and person [sic] information," alleges Dallas ISD's contact tracing/quarantine policy discriminates against unvaccinated student body and staff. ROA.311. This alleges harm to JD1 and JD2 at most by implication that they are part of the unvaccinated student body, though Raskin nowhere alleges JD1 or JD2 is unvaccinated, and in fact admits that JD2 is not even a student at Dallas ISD. ROA.310. Count IX of the

Amended Complaint, entitled "Immunization Clinics to be established 'on-site' at DISD locations," alleges Raskin's "concern on behalf her [sic] children's personal privacy shall been [sic] subject to DNA testing via covid 19 testing and data collection shared within the state and federal agencies"—though it does not allege what harm to JD1 or JD2 resulted, in particular as to JD2 who, again, has not been a Dallas ISD student since last year. ROA.310–12. In short, these two federal claims do not allege harm to Raskin and, at most, allege implied harm to only one of her minor children.

It is undisputed that Raskin has proceeded *pro se* at all times in this matter, and the record below indicates Raskin is not a licensed attorney, which she does not dispute. *See* ROA.321. It is also beyond dispute that neither Count VIII nor Count IX in the Amended Complaint has anything to do with SSI benefits or the IDEA. ROA.311–12. These claims are therefore subject to the Fifth Circuit's general rule that a *pro se* parent may not bring claims on behalf of her minor children. *See Sprague*, 547 F. App'x at 508; *Fountain*, 629 F. App'x at 595. As such, the district court properly dismissed these two claims without prejudice

because Raskin lacked authority to bring them, and that determination should be upheld on appeal.

### III. The Amended Complaint superseded the Original Complaint; but even if it did not, Raskin's claims in the Original Complaint suffer from the same jurisdictional defects as do those in the Amended Complaint.

Raskin's Original Complaint asserted four causes of action based on alleged violations of her children's procedural and substantive due process rights under the United States and Texas Constitutions. ROA.35–39. Raskin numbered the claims as Counts I through IV. *Id.* Raskin concedes on appeal that all four claims were brought "*pro se* on behalf of her minor children." Appellant's Br. at 3.

Raskin's Amended Complaint alleged five claims as follows: "(I) Count V – Violation of Texas Open Meetings Acts"; "(II) Count VI – Constitutional rights of plaintiff, JD1 and JD2"; "(III) Count VII – Financial burden and egregious harm to plaintiff and JD2"; "(IV) Count VIII – Infringement of privacy and person [sic] information"; and "(V) Count IX Immunization Clinics to be established 'on-site' at DISD locations". ROA.309–12. Although the Amended Complaint consecutively numbers these five claims beginning with Count V through Count IX, the Amended Complaint does not specifically adopt or incorporate by

reference the Original Complaint or its four claims. On the contrary, the Amended Complaint specifically states that it was made as a matter of course pursuant to Federal Rule of Civil Procedure 15 and was based on "[n]ew information not available at the time of original [sic] filing of complaint … ." ROA.309.

The district court correctly addressed only the claims in the Amended Complaint as the sole operative complaint in rendering its Judgment because the Amended Complaint did not specifically adopt or incorporate by reference the Original Complaint or its claims, and thus superseded the Original Complaint rendering it of no legal effect. As the district court observed, the "Amended Complaint starts with Count V and does not include Counts I through IV." ROA.318. And even if the Amended Complaint did not supersede the Original Complaint, the Original Complaint's claims are subject to the same standing defects as the federal claims in the Amended Complaint. Moreover, the district court correctly dismissed the remaining state law claims in the Amended Complaint (and could have done so as to any remaining state law claims in the Original Complaint) because no state law issue, principle of

economy, or exceptional circumstance compelled maintaining supplemental jurisdiction.

### A. The district court correctly addressed only the claims in the Amended Complaint because it superseded the Original Complaint.

Raskin does not argue that the Amended Complaint specifically adopts or incorporates the Original Complaint. She only characterizes the Amended Complaint as "amending their [sic] complaint with five new counts in lieu [sic] of recent policy decisions taken by Defendants." Appellant's Br. at 4. Raskin further asserts that she "was instructed to provide the delta of new claims in the amendment," and is "unaware of any reason for the District Court to only address the Counts V–IX in its decision." Appellant's Br. at 7–8. The reason is clear: The district court only addressed the counts pleaded in the Amended Complaint because it is the operative complaint and superseded the claims asserted in the Original Complaint.

"Normally, an Amended Complaint supersedes the Original Complaint." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438 455–56 n.4 (2009). In the Fifth Circuit, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless

the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see also Velazquez v. United States*, 835 F. App'x 733, 736 (5th Cir. 2020) (citing *King* for the proposition that "[w]hen there are multiple complaints, the amended complaint supersedes the original, unless the amended complaint incorporates the original by reference or explicitly adopts it"). This Court has interpreted this requirement to mean that no portion of an original complaint can supplement an amended complaint "unless the relevant portion is specifically incorporated into the new pleading." *Wilson v. Birnberg*, 569 F. App'x 343, 348 (5th Cir. 2014).

Put another way, for an amended complaint to incorporate allegations from an original complaint, "the references to prior allegations must be direct and explicit to enable the responding party to ascertain the nature and extent of the incorporation." 5A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1326 (4th ed.). This Court has even applied this standard to hold that, where facts alleged in earlier complaints were omitted from a second amended complaint, it was "not appropriate" for the district court to consider those facts in analyzing the second amended complaint because it had superseded the earlier

complaints. *Rolf v. City of San Antonio*, 77 F.3d 823, 826 n.1 (5th Cir. 1996).

Here, Raskin's Amended Complaint does not specifically adopt or incorporate the Original Complaint, and it certainly does not directly and explicitly refer to the allegations in the Original Complaint's causes of action. ROA.306–12. In fact, the Amended Complaint's only reference to the Original Complaint's causes of action is implicit and indirect: it numbered its claims starting from where the Original Complaint left off. ROA.309–12. This numbering alone, with no specific adoption or incorporation of the Original Complaint or its claims, is highly ambiguous and does not constitute the sort of direct and explicit reference necessary to enable the court to ascertain the extent of the incorporation. Indeed, the district court made note of the numbering, but also the absence of the Original Complaint's claims, in treating the Amended Complaint as the operative complaint that "repackaged" Raskin's claims "in an apparent attempt to address Defendants' contention that Ms. Raskin lacks standing to sue *pro se* on behalf of her children." ROA.319.[4]

---

[4]    This is why the district court did not address Raskin's response to Dallas ISD's motion to dismiss the Original Complaint. ROA.321–22 (Memorandum Opinion and Order stating "Plaintiffs had an opportunity to respond to Defendant's Motion to Dismiss and their standing argument but elected, instead, to attempt to cure this

That determination was legally appropriate because the Amended Complaint, which contains no specific reference to or incorporation of the Original Complaint, superseded the Original Complaint, rendering it of no legal effect.

Raskin's *pro se* status does not alter the appropriateness of that determination. A *pro se* plaintiff's pleadings are construed liberally. *SEC*, 7 F.3d at 75. However, "*pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law." *Bowling*, 816 F. App'x at 903. As a result, the Fifth Circuit has repeatedly applied the superseding effect of amended pleadings against *pro se* plaintiffs.  *See*, *e.g.*, *Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) (holding *pro se* plaintiff's amended complaint did not allege defendants retaliated against him and therefore "he abandoned any claims of retaliation") (citing *King*, 31 F.3d 346); *McZeal v. Deutsche Bank Nat'l Trust Co.*, 726 F. App'x 968, 971 (5th Cir. 2018) (holding *pro se* plaintiffs' reliance on factual allegations in original complaint to support argument that amended complaint stated a claim constituted an abandonment of any

---

jurisdictional defect, albeit unsuccessfully, through amendment of their pleadings, which they are entitled to do under Rule 15.").

argument regarding the sufficiency of the amended complaint because the "original complaint is no longer a live pleading, as it was superseded and replaced by Plaintiffs' first amended complaint") (citing *King*, 31 F.3d at 346). There is no reason to deviate from the general rule that an amended complaint supersedes and replaces an original complaint. Accordingly, the district court correctly excluded the claims in the Original Complaint in its Memorandum Opinion and Order and Judgment.

## B. Even if the Amended Complaint incorporated the Original Complaint's claims, those claims suffer from the same defects as the Amended Complaint's federal claims.

Even if the Amended Complaint somehow incorporated the Original Complaint's claims—which it did not—all claims in the Original Complaint are subject to the same jurisdictional defects the district court found in the Amended Complaint's federal claims. First, none of the Original Complaint's claims allege any personal injury to Raskin. ROA.35–39. Therefore, each claim fails to establish Raskin's Article III standing to bring it. *See supra* Section II.B. Second, each claim in the Original Complaint alleges injury only to Raskin's minor children. ROA.35–39; *see also* Appellant's Br. at 3. Raskin lacks the authority to

bring those claims. *See supra* Section II.C.1–3.[5] As a result, each claim in the Original Complaint would still have been defective for failure to allege Raskin's standing or establish her authority to bring them.

In fact, the district court held that the Original Complaint's claims "suffer from the same defect" as the two federal claims in the Amended Complaint: they demonstrated "Ms. Raskin lacks standing to sue *pro se* on behalf of her children." ROA.319. In the Memorandum Opinion and Order, the district court also stated that the Amended Complaint attempted to cure the "jurisdictional defect" raised against the Original Complaint's claims by Dallas ISD's motion to dismiss: Raskin's lack of Article III standing. ROA.321. But whether upholding the district court's implicit findings or making its own findings, this Court may address subject-matter jurisdiction arising from lack of standing at any time, including *sua sponte* for the first time on appeal. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Consequently, even if this Court holds the Amended Complaint incorporated rather than superseded the Original Complaint, it should further hold that the claims

---

[5]     Indeed, the Fifth Circuit has repeatedly upheld the general rule against *pro se* parental representation of their minor children in cases alleging the sort of federal section 1983 claims raised in the Original Complaint (ROA.35–37). *See, e.g.*, *Sprague*, 547 F. App'x at 508; *Aduddle*, 277 F. App'x at 459, *Johnson*, 48 F. App'x at 917.

in the Original Complaint did not establish Raskin's standing or authority to bring these federal claims. *Spokeo*, 578 U.S. at 337–38; *Sprague*, 547 F. App'x at 508. Thus, these claims were properly subject to dismissal for lack of subject-matter jurisdiction.

**C.  The district court correctly dismissed the remaining state law claims in the Amended Complaint because no state law issue, principle of economy, or exceptional circumstance compelled maintaining supplemental jurisdiction.**

The district court's decision to decline supplemental jurisdiction over the Amended Complaint's remaining state law claims after dismissing its federal claims should only be reversed if the district court abused its "wide discretion." *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). That discretion should be exercised "in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996); *cf.* ROA.322. The court must also analyze the factors set forth by 28 U.S.C. § 1367(c): "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling

reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011); *cf.* ROA.322. As a general rule, a district court should dismiss without prejudice any remaining state law claims once all federal claims have been dismissed before trial. *Robertson*, 161 F.3d at 296; *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *cf.* ROA.322.

The above factors weigh substantially in favor of the district court's decision and demonstrate that the district court did not abuse its wide discretion in declining to exercise supplemental jurisdiction. Having dismissed the two federal claims in the Amended Complaint, the district court properly declined supplemental jurisdiction under the general rule articulated above, absent another factor compelling retention. *Robertson*, 161 F.3d at 296; *Bass*, 180 F.3d at 246; *cf.* ROA.323. But no such factor compels retention here. The state claims involve novel issues of state law related to COVID-19, which are better addressed by state courts who have expertise in state law, and they substantially predominate because there are no federal claims remaining. *Enochs*, 641 F.3d at 159; *see also Watson v. City of Allen, Tx.*, 821 F.3d 634, 642 (5th Cir. 2016); *cf.* ROA.323. No consideration of economy weighs in favor of retaining

jurisdiction because the state claims were dismissed early in the litigation before the district court or the parties invested significant resources in its resolution in federal court. *Doddy*, 101 F.3d at 456; *cf.* ROA.323. And there are no other exceptional circumstances or compelling reasons to retain jurisdiction. *Enochs*, 641 F.3d at 159; *cf.* ROA.323. The district court was well within its wide discretion in declining to exercise supplemental jurisdiction over the state law claims and dismissing them without prejudice. And this conclusion holds true as to any remaining state law claims that might have persisted had the district court determined that the Amended Complaint supplemented rather than superseded the Original Complaint.

## CONCLUSION AND PRAYER

For the foregoing reasons, the district court did not err in dismissing all claims in Plaintiff-Appellant Allyson Raskin's Amended Complaint without prejudice and entering final judgment against her. Defendants-Appellees Dallas ISD, Dallas ISD's Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry respectfully request that this Court deny Raskin's

appeal; affirm the November 17, 2021, Judgment of the district court in all respects; grant no relief to Plaintiff-Appellant; grant Defendants-Appellees their costs on appeal; and grant Defendants-Appellees all further relief, both in law and in equity, to which they have shown themselves to be justly entitled.

Respectfully submitted,

/s/   *Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

CARLOS G. LOPEZ
State Bar No. 12562953
clopez@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

THOMPSON & HORTON LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on this 17th day of February, 2022, via the Court's electronic filing and service system, as follows:

Mrs. Allyson Raskin
5533 Meletio Lane
Dallas, TX 75230
essentiallyally@gmail.com

*s/Kathryn Elizabeth Long*
Kathryn Elizabeth Long
*Attorney for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 10,084 words.

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Century Schoolbook.

Dated: February 17, 2022

*s/Kathryn Elizabeth Long*
Kathryn Elizabeth Long
*Attorney for Defendants-Appellees*