# No. 21-11180

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

Allyson Raskin, on behalf of her minor children JD1 and JD2,

Plaintiff - Appellant

v.

Dallas Independent School District; Dallas Independent School District Board of Trustees; Michael Hinojosa, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry, all in their Individual Capacities and in their Capacities as Members of the Dallas Independent School District Board of Trustees,

Defendants - Appellees

## On Appeal from

United States District Court for the Northern District of Texas

3:21-CV-2429

## REPLY BRIEF OF APPELLANT ALLYSON RASKIN

SUBMITTED BY:

Allyson Raskin
5533 Meletio Lane
Dallas, TX 75230

# TABLE OF CONTENTS

| Contents | Page(s) |
|---|---:|
| **TABLE OF CONTENTS** | **3** |
| TABLE OF AUTHORITIES | **4** |
| **ARGUMENT** | **5** |
| CONCLUSION | **9** |
| CERTIFICATE OF SERVICE | **10** |
| CERTIFICATE OF COMPLIANCE | **12** |

# TABLE OF AUTHORITIES

**Cases………………………………………………………….……Pages(s)**

Machadio v. Apfel, 276 F.3d 108 (2d Cir. 2002) ……………………………………..6

Beard v. Hawkins, Case No. 14-13465 (E.D. Mich. Jun. 25, 2015) ……………….6

Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 629-30 (4th Cir. 2015) ….9

# ARGUMENT

**1. Appellant is not steadfastly prohibited from bringing claims on behalf of minor children**

Appellees' brief relies heavily on Article III standing. See Appellee's Br. at 10 ("lacks authority to pursue them *pro se* on behalf of her minor children because she is not a licensed attorney"), at 43 ("each claim in the Original Complaint alleges injury only to Raskin's minor children"). Appellant Raskin will address these "jurisdictional defects" first.

Appellees conflate the sufficiency of an SSI related exemption with a necessity for all unrelated exemptions. Indeed "[t]he Second Circuit drew a clear line" between SSI and "other kinds of actions," but the line doesn't appear to prescribe prohibition in all unrelated types of suits, whether they present "complexities", contain SSI benefit matters, or contain any number of possible other parameters. Id. To suggest the Second Circuit intended to prohibit all scenarios and all future cases is unfounded. See Appellees Br. at 29 ("pro se parents …. are [prohibited from bringing claims on behalf of minor children] 'in other kinds of actions').

To the contrary, the Second Circuit appeared to be more concerned with the rights of the children than over-prescribing a hard-fast prohibition for every other future case with different circumstances. See Machadio v. Apfel, 276 F.3d 108 (2d Cir. 2002) (noting "Under the law, children, society's future – deserve no less" as a foundational motivator for determining competency of parent representation). More likely, is that the non-complexity in Machadio conveys the degree of exemption inquiry as it relates to the SSI matters in front of them, simply justifying why SSI circumstances are easier to exempt from the general rule.

At most, the non-complexity argument states the obvious: defining why a general rule is, in fact, general. See Beard v. Hawkins, Case No. 14-13465 (E.D. Mich. Jun. 25, 2015) (noting the rule is not "ironclad," is a "venerable common law rule," and "does not require the court to dismiss for lack of jurisdiction"). Indeed, the general rule has not been exempted outside of SSI benefits, but repeating the mantra fails to address the argument presented in the original brief: why the Court should not use its discretion to exempt Raskin's personal circumstances.

Instead, Appellees double down on rigidity. For instance, Appellees suggest that in addition to having "intertwined" interests with minor children, "non-attorney parents generally lack the training necessary to competently

represent their children." See Appellee's Br. at 28. Appellees do not extrapolate whether the competence or complexity circumstances have materialized in this particular suit. Again, this only describes a general rule of thumb, but does not advance whether the rule's concerns apply here.

Finally, Appellees further over-generalize the circumstances, suggesting that Raskin's opportunity to retain counsel is "reconciled with protection of minor's rights." See Appellee's Br. at 32 (citing Gallo, 331 F. Supp. 2d at 448–49). Firing and being unable to find competent representation, however, exemplifies the need for an individualized approach. Raskin is glad that, in most cases, mathematical probabilities work out to protect most minor's rights. In this scenario, however, luck does not reconcile in Raskin's children's favor. The request for this Court to apply non-rigid discretionary standards to a rule, premised on non-rigid criteria, remains unchallenged.

## 2. Appellant's Amended Complaint should be considered a supplement to the Original Complaint.

The remaining jurisdictional challenges center around the Amended Complaint superseding the Original Complaint's claims, which is a misnomer. It was actually the District Court instructed Raskin to amend claims in this manner, but simultaneously chose not to liberally construe the intention of the Amended

Complaints. Appellees accurately note "numbered its claims starting from where the Original Complaint left off", but also suggest intention should be disregarded in liberal construction. "Five new counts in lieu [sic] of recent policy decisions" (See Appellee's Br. at 39) is properly incorporated, however, replacing an entire case with only events occurring after a specific date in a time sequence would be nonsensical. Raskin was mistakenly instructed by the District Court Clerk to file an Amended Complaint.

      To file all claims together as originally intended, Raskin would be required to pay another filing fee, end up in the same court with the same amended claims, and possibly be assigned the same Judge. Raskin will let the Court decide whether its own time and resources are appropriately utilized by that particular path. Raskin's actions were only to ask and then comply with the Court's instruction.

## CONCLUSION

For these reasons, the Appellant Allyson Raskin respectfully requests that this court reverse the order and remand this case to the trial court allowing an amended complaint to include all nine claims. Raskin understands the format required to supplement her original claims and requests leniency to cure the defect. See Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 629-30 (4th Cir. 2015).

SUBMITTED BY:
S/Allyson Raskin
5533 Meletio Lane
Dallas, TX 75230

## CERTIFICATE OF SERVICE

I certify that on March 15, 2022, the foregoing document was served, via email, to klong@thompsonhorton.com:

Kathryn E. Long, Thompson & Horton LLP

S/Allyson Raskin

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(7)(B) because, excluding the parts of the document exempted by F<small>ED</small>. R. A<small>PP</small>. P. 32(f), and 5th C<small>IR</small>. R32.1: this document contains 800 words.

2.  This document complies with the typeface requirements of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(5), and 5th C<small>IR</small>. R32.1 and the type-style requirements of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Google Docs in 14 pt Times New Roman.

S/Allyson Raskin