# No. 21–11180

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Allyson Raskin, on behalf of her minor children JD1 and JD2,

*Plaintiff-Appellant,*

*v.*

Dallas Independent School District; Dallas Independent School District Board of Trustees; Michael Hinojosa, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry, all in their Individual Capacities and in their Capacities as Members of the Dallas Indpendent School District Board of Trustees,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
Civil Action No. 3:21-cv-2429-L

## SUPPLEMENTAL BRIEF OF APPELLEES DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, MICHAEL HINOJOSA, BEN MACKEY, EDWIN FLORES, MAXIE JOHNSON, JOE CARREON, DUSTIN MARSHALL, DAN MICCICHE, KARLA GARCIA, JOYCE FOREMAN, AND JUSTIN HENRY RESPONDING TO BRIEF OF COURT-APPOINTED AMICUS CURIAE

Kathryn E. Long
State Bar No. 24041679
klong@thompsonhorton.com

Carlos G. Lopez
State Bar No. 12562953
clopez@thompsonhorton.com

K. Adam Rothey
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-
Appellees Dallas Independent
School District, Dallas
Independent School District
Board of Trustees, Michael
Hinojosa, Ben Mackey, Edwin
Flores, Maxie Johnson, Joe
Carreon, Dustin Marshall, Dan
Micciche, Karla Garcia, Joyce
Foreman, and Justin Henry*

## STATEMENT REGARDING ORAL ARGUMENT

As previously stated in Appellees' principal brief, Appellees Dallas Independent School District, *et al.*, (collectively, "Dallas ISD" or the "District") believe that oral argument is not necessary. Eleven federal circuits, including this Circuit, uniformly hold that non-attorney parents may not represent their children in court pro se. Only if the Court were to consider reversing its position on this question would oral argument perhaps be beneficial to address any specific concerns regarding the contours of the general rule regarding non-attorney parent representation of minor children pro se. Dallas ISD stands ready to participate in any oral argument requested.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................................iii

TABLE OF AUTHORITIES...................................................... vi

SUMMARY OF THE ARGUMENT ....................................... 1

ARGUMENT ...................................................................... 3

I.   Eleven federal appellate courts hold that a non-attorney parent may not act as her minor child's attorney outside the social security context. ............................................................... 3

    A.   Every federal appellate circuit—other than the D.C. circuit which does not appear to have addressed the question— holds that a non-attorney parent may not act as her minor child's attorney in federal court. ............................................ 4

    B.   The only exception to the general rule is an appeal from an administrative denial of Supplemental Security Income benefits. ................................................................... 6

    C.   Amicus's cited cases do not provide authority for a broader exception to the general rule. ................................. 8

II.  The policy grounds supporting the counsel mandate continue to be valid and persuasive............................................. 10

    A.   A parent's right to act as her own attorney does not create a right to act as her minor child's attorney. ............... 11

    B.   The choice to appear pro se is not a true choice for minor children, so courts have a duty to ensure minors' entitlement to representation by counsel is honored. .......... 12

    C.   Attorney representation better ensures that a minor child's legal rights and interests are vigorously and competently protected. ................................................................ 13

    D.   The general rule works in conjunction with dismissal without prejudice, statute of limitations tolling, and court-requested counsel to protect the rights of even indigent minor children who would be prejudiced by waiting until majority to pursue their claims. .......................................... 15

E.    Attorney representation benefits not only the minor child, but the court and the judicial system as a whole. ................. 18

III.  The counsel mandate is consistent with Rule 17(c) and was appropriately applied here. ............................................. 19

IV.   Amicus's argument that children's rights will not be protected in cases where they have unpopular claims or financial inability to hire counsel is overstated, as highlighted by Amicus's involvement in this appeal. ............................................ 23

V.    The counsel mandate does not infringe upon the constitutional rights of children or their parents—it instead protects the best interests of each child. ................................................... 25

VI.   A case-by-case approach would unnecessarily run the risk of uneven and unequal application that could undermine trust in the courts, and would not change the outcome in this case. ..... 28

CERTIFICATE OF SERVICE .................................................. 32

CERTIFICATE OF COMPLIANCE ......................................... 32

# TABLE OF AUTHORITIES

## Cases

*Am. Guar. & Liab. Ins. v. ACE Am. Ins. Co.*,
   990 F.3d 842 (5th Cir. 2021) ................................................................ 26

*Austin Nursing Ctr., Inc. v. Lovato*,
   171 S.W.3d 845 (Tex. 2005) ................................................................ 26

*Aybar v. Crispin-Reyes*,
   118 F.3d 10 (1st Cir. 1997) ................................................................ 16

*Bishop v. Children's Ctr. for Dev. Enrichment*,
   618 F.3d 533 (6th Cir. 2010) ................................................................ 16

*Byrd v. Woodruff*,
   891 S.W.2d 689 (Tex. App.—Dallas 1994, writ denied) ..................... 26

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*,
   906 F.2d 59 (2d Cir. 1990) ........................................................ *passim*

*Collinsgru v. Palmyra Bd. of Educ.*,
   161 F.3d 225 (3d Cir. 1998) ................................................................ 18

*Crozier v. Westside Cmty. Sch. Dist.*,
   973 F.3d 882 (8th Cir. 2020) ........................................................ *passim*

*Adams ex rel. D.J.W. v. Astrue*,
   659 F.3d 1297 (10th Cir. 2011) ........................................... 6, 7, 14, 19

*Delaughter v. Woodall*,
   909 F.3d 130 (5th Cir. 2018) ................................................................ 17

*DeVries v. Driesen*,
   766 F.3d 922 (8th Cir. 2014) ................................................................ 16

*duPont v. Southern Nat. Bank*,
   771 F.2d 874 (5th Cir. 1985) ................................................................ 19

*Elustra v. Mineo*,
   595 F.3d 699 (7th Cir. 2010) ...................................................... 8, 9, 10

*Ethan H. v. New Hampshire*,
968 F.2d 1210 (1st Cir. 1992) ............................................... 4

*Ferguson v. Extraco Mortg. Co.*,
264 F. App'x 351 (5th Cir. 2007)........................................ 22

*Grappell v. Carvalho*,
847 F. App'x 698 (11th Cir. 2021)............................... *passim*

*Guest v. Hansen*,
603 F.3d 15 (2d Cir. 2010) ..................................... 13, 18, 22

*Harris v. Apfel*,
209 F.3d 413 (5th Cir. 2000).......................................... 6, 7

*Johns v. Cnty. of San Diego*,
114 F.3d 874 (9th Cir. 1997)....................................... *passim*

*Kennedy v. Sec'y of Health & Hum. Servs.*,
No. 90-1009V, 2010 WL 4810233 (Fed. Cl. Spec. Mstr.
Oct. 29, 2010) ..................................................................... 6

*Kennedy v. Sec'y of Health & Hum. Servs.*,
99 Fed. Cl. 535 (Fed. Cl. 2011) .......................................... 6

*King-White v. Humble Indep. Sch. Dist.*,
803 F.3d 754 (5th Cir. 2015)............................................. 16

*Lattanzio v. COMTA*,
481 F.3d 137 (2d Cir. 2007) ....................................... 13, 18

*M.D. v. Sch. Bd. of City of Richmond*,
560 F. App'x 199 (4th Cir. 2014)....................................... 15

*Machadio v. Apfel*,
276 F.3d 103 (2d Cir. 2002) ..................................... 6, 7, 14

*Meeker v. Kercher*,
782 F.2d 153 (10th Cir. 1986)............................................ 5

*Moore v. Mabus*,
976 F.2d 268 (5th Cir. 1992)............................................ 17

*Murkeldove v. Astrue,*
    635 F.3d 784 (5th Cir. 2011) ............................................................ 23

*Myers v. Loudoun Cnty. Pub. Schs.,*
    418 F.3d 395 (4th Cir. 2005) ............................................. 4, 6, 12, 13

*Naranjo v. Thompson,*
    809 F.3d 793 (5th Cir. 2015) ............................................................ 24

*Navin v. Park Ridge Sch. Dist. 64,*
    270 F.3d 1147 (7th Cir. 2001) ............................................................ 5

*Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.,*
    937 F.2d 876 (3d Cir. 1991) ...................................................... *passim*

*Salmon v. Corpus Christi Indep. Sch. Dist.,*
    911 F.2d 1165 (5th Cir. 1990) ......................................................... 23

*Sansome v. Fairall,*
    739 F. App'x 877 (9th Cir. 2018) .................................................... 16

*Sax v. Votteler,*
    648 S.W.2d 661 (Tex. 1983) ........................................................... 15

*Shepherd v. Wellman,*
    313 F.3d 963 (6th Cir. 2002) ...................................................... 5, 11

*Siplast, Inc. v. Emps. Mut. Cas. Co.,*
    23 F.4th 486 (5th Cir. 2022) .......................................................... 22

*Sprague v. Dep't of Fam. & Protective Servs.,*
    547 F. App'x 507 (5th Cir. 2013) ......................................... 5, 7, 8, 22

*Tindall v. Poultney High Sch. Dist.,*
    414 F.3d 281 (2d Cir. 2005) ..................................................... 8, 9, 20

*Varnell v. Dora Consol. Sch. Dist.,*
    756 F.3d 1208 (10th Cir. 2014) ...................................................... 16

*Weiner v. Wasson,*
    900 S.W.2d 316 (Tex. 1995) ........................................................... 16

*Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*,
550 U.S. 516 (2007) ............................................................................ 18

**Statutes**

28 U.S.C. § 1654 ...................................................................... 11, 12

28 U.S.C. § 1915(e) ....................................................................... 17

42 U.S.C. § 1983 .................................................................. 8, 16, 23

42 U.S.C. § 1988 ...................................................................... 23, 24

42 U.S.C. §§ 300aa-10–300aa-34 ............................................... 6

TEX. CIV. PRAC. & REM. CODE § 16.001 ...................................... 16

**Other Authorities**

20 C.F.R. § 416.1505 ......................................................................... 7

FED. R. CIV. P. 17 ................................................................ 19, 20, 26

FED. R. CIV. P. 59(e) ......................................................................... 9

## SUMMARY OF THE ARGUMENT

After merits briefing concluded, the Court *sua sponte* appointed pro bono counsel to file an amicus brief in support of Appellant Allyson Raskin addressing the question of whether non-attorney parents may assert claims on behalf of their minor children while proceeding pro se in federal court outside of the social security context. The answer to that question based on well-established precedent in eleven federal circuits, including the Fifth Circuit, is no.

Amicus counsel ("Amicus") nevertheless filed a brief that purports to answer a slightly different question than the one asked by this Court: Outside of the social security context, *should* non-attorney parents *be allowed to* assert claims on behalf of their minor children while proceeding pro se in federal court? Based on the well-reasoned precedents referenced above, the answer to this slightly modified question is still no. Minor children are the ward of every court where their rights are brought into jeopardy, and courts therefore have a duty to ensure that children entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents. Mandating attorney representation of minor children helps courts meet this duty and serves to benefit the child's best interests.

Amicus's concerns over lack of access to attorney representation, whether due to poverty or allegedly unpopular views, are overstated. Federal courts—as demonstrated by this Court's appointment of Amicus—have considerable discretion to appoint counsel in civil cases and have a number of resources at their disposal when exercising that discretion, including every attorney's ethical obligation to represent their fair share of indigent clients.

Amicus's suggestion that the Court should adopt a case-by-case approach to the counsel mandate is misguided and unworkable. The social security exception Amicus would have this Court follow as a guide is inapplicable because it is primarily based on a Congressional determination that non-attorney parents who meet certain statutory standards have the basic competence to represent their children in those proceedings. Amicus cites no other type of claim where Congress has made a similar determination and no other case supporting an exception outside the social security context. Amicus's proposed case-by-case approach will also lead to uneven and unequal application of the counsel mandate and place courts in the unenviable position of telling some non-

attorney parents they can represent their children and other non-attorney parents they cannot.

Even if the Court were to accept a case-by-case approach, it should not abandon the counsel mandate in this case. Raskin never asserted she was unable to obtain counsel due to poverty or unpopularity of her position. On the contrary, she admittedly had and terminated counsel because she believed she could represent her children's interests better, knowing full well that the law says she could not. And this case presents complex legal issues that courts have explicitly found should not be excepted from the counsel mandate.

## ARGUMENT

### I.    Eleven federal appellate courts hold that a non-attorney parent may not act as her minor child's attorney outside the social security context.

Amicus gives short shrift to the unanimity among federal appellate courts that a non-attorney parent may not act as her minor child's attorney in federal court. Amicus Br. at 10. Contrary to Amicus's suggestion otherwise, the only exception to this rule is when non-attorney parents are appealing an administrative denial of Supplemental Security Income ("SSI") benefits. *Id.* at 11. Amicus's statements that the counsel mandate's exceptions are "murky" or that other exceptions exist outside

the social security context are not supported by the two authorities cited in the Amicus Brief. *Id*.

> **A. Every federal appellate circuit—other than the D.C. circuit which does not appear to have addressed the question—holds that a non-attorney parent may not act as her minor child's attorney in federal court.**

Amicus's "direct[] answer" to the question posed by the Court is unduly understated. Not only do federal courts "typically hold that a 'non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child,'" (Amicus Br. at 10), that has been the holding of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeals for decades. *See, e.g.*, *Ethan H. v. New Hampshire*, 968 F.2d 1210, at *1 (1st Cir. 1992) (unpublished) (a "[mother], acting pro se, may not represent her son in this appeal."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) ("[father] was not entitled, as a non-lawyer, to represent his children … in federal court"); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("non-attorney parents generally may not

litigate the claims of their minor children in federal court"); *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 507–08 (5th Cir. 2013) (per curiam) ("because [mother] is proceeding pro se, she may not assert claims on behalf of her minor child"), *cert. denied*, 571 U.S. 1223 (2014); *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002) ("parents cannot appear pro se on behalf of their minor children"); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1148–49 (7th Cir. 2001) ("[father] … as a non-lawyer he has no authority to appear as [his son's] legal representative"); *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("[n]on-attorney parents cannot litigate pro se on behalf of their minor children"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) (unpublished) ("parents who are not attorneys may not bring a pro se action on their child's behalf").

**B.    The only exception to the general rule is an appeal from an administrative denial of Supplemental Security Income benefits.**

Several circuits, including this Court, recognize a single exception to the general rule that non-attorney parents cannot sue on behalf of their children pro se: a parent can bring claims on behalf of a minor child without attorney representation if the parent is appealing an administrative denial of SSI benefits. *See, e.g., Harris v. Apfel*, 209 F.3d 413, 414–17 (5th Cir. 2000); *see also Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1301 (10th Cir. 2011). These circuits have "limit[ed] that rule to the unique [procedural] facts involved in an SSI appeal." *Myers*, 418 F.3d at 401 n.7.[1]

---

[1]    The United States Court of Federal Claims, Office of the Special Masters recognizes an exception in petitions for compensation under the National Vaccine Injury Compensation Act (the "Vaccine Act"), 42 U.S.C. §§ 300aa-10–300aa-34. *Kennedy v. Sec'y of Health & Hum. Servs.*, No. 90-1009V, 2010 WL 4810233, at *5–6 (Fed. Cl. Spec. Mstr. Oct. 29, 2010). But this exception arises from the Vaccine Act's express provision that a parent may file a petition on their child's behalf, even if not an attorney. *Id.* (citing 42 U.S.C. §§ 300aa-11(b)(1)(a), 300aa-33(2)). Additionally, these proceedings are an alternative to the traditional legal system and involve unique procedural safeguards that "form a safety net that maintains the informality of the process while still minimizing the possibility of an erroneous decision," such as a special master taking on "an inquisitorial role" in which s/he is "not [ ] bound by common law or statutory rules of evidence but must consider all relevant and reliable evidence governed by principles of fundamental fairness to both parties." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 544 (Fed. Cl. 2011); *see also National Vaccine Injury Compensation Program*, HEALTH RES. & SERVS. ADMIN. (Aug. 2022), https://www.hrsa.gov/vaccine-compensation (last visited Sept. 1, 2022).

The Second Circuit explained that SSI appeals are governed by statutes and regulations encapsulating "Congress's judgment … that non-attorneys who meet the standards of 20 C.F.R. § 416.1505 have the basic competence needed to represent claimants in proceedings involving the denial of SSI benefits," which reflects Congress's "view that *such proceedings do not necessarily present the complexities present in other kinds of actions*." *Machadio*, 276 F.3d at 107 (emphasis added); *see* 20 C.F.R. § 416.1505(b) (authorizing an SSI applicant to appoint a "person who is not an attorney" to be their representative if they meet certain qualifications). Similarly, this Court's opinion in *Harris* "distinguished social security proceedings from the general rule, stating that minors' rights would be adequately protected without legal counsel because those proceedings essentially involve the review of an administrative record." *Sprague*, 547 F. App'x at 508 (discussing *Harris*); *see also Adams*, 659 F.3d at 1301 ("We are persuaded by the analyses in *Harris* and *Machadio* … .").

Courts have not expanded the exception for SSI cases beyond the social security context. And this and other Circuits have expressly declined to expand this exception to claims like those asserted by Raskin.

*See, e.g., Crozier*, 973 F.3d at 887 ("no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state law."); *Sprague*, 547 F. App'x at 508 (same).

### C.    Amicus's cited cases do not provide authority for a broader exception to the general rule.

Amicus cites *Tindall v. Poultney High School District*, 414 F.3d 281 (2d Cir. 2005) and *Elustra v. Mineo*, 595 F.3d 699 (7th Cir. 2010) to suggest SSI appeals are only one of several scenarios in which courts permit parents to prosecute lawsuits on behalf of their minor children without counsel. Amicus Br. at 11–12, 22–23. Those authorities do not support such a conclusion.

In *Tindall*, the Second Circuit created no exception to the "well-established general rule … that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child." *Tindall*, 414 F.3d at 284. The court only indicated a concern that unyielding application of the general rule might "force minors out of court altogether" where "counsel is as a practical matter unavailable." *Id*. at 286. But the court applied the rule nonetheless, concluding "that our cases prohibiting non-lawyer parents from representing their children … are too broad and too clear to permit us to hear [the minor son's] appeal—

8

irrespective of our judgment as to whether his mother would be capable of doing so—unless and until he is represented by counsel." *Id*. at 286.

Likewise, the Seventh Circuit in *Elustra* did not create an exception to the general rule. There, a mother and her two minor daughters were represented by counsel in a civil rights/false imprisonment lawsuit until immediately before the trial court entered a judgment of dismissal with prejudice based on a purported verbal settlement agreement. *Elustra*, 595 F.3d at 702–03. The mother then filed a pro se motion to vacate the judgment shortly before retaining new counsel to represent them. *Id*.

On appeal, the Seventh Circuit recognized "the normal rule" that a parent "may not, without the assistance of counsel, bring suit on behalf of a minor party," and specifically denied that it was creating an exception to the rule like the one for SSI cases. *Id*. at 705 ("the question before us is not such a sweeping one"). Instead, the "narrow question" the court addressed was whether the mother's pro se motion to vacate the judgment of dismissal, "while she was in the process of lining up new counsel and while the 10-day clock that applied at the time for Rule 59(e) motions was ticking, is a nullity because they did not yet have replacement counsel." *Id*. The court decided to "give effect" to the pro se

motion because it was a one-off action during a brief and critical period in which the mother was unrepresented, rather than a general attempt to prosecute a lawsuit on behalf of her minor children without counsel. *Id.* at 706. The court therefore reached a very circumscribed, fact-specific conclusion that explicitly did not expand exceptions to the counsel mandate beyond SSI appeals. *Id.* at 707.

## II. The policy grounds supporting the counsel mandate continue to be valid and persuasive.

While every litigant properly before a federal court has the right to prosecute her own claims pro se, that right does not permit a parent to act as an attorney for her child's claims. Though a minor child has the right to opt out of her entitlement to attorney representation by proceeding pro se, her minority prevents her from validly exercising that right, and her parent cannot waive it. Courts protect the minor child's entitlement to counsel by insisting that parents prosecute their minor children's claims with attorney representation. Trained and experienced attorneys are better equipped than even caring and highly educated parents to protect the legal rights of minors while navigating the pitfalls of the law; indeed, attorney representation benefits the entire judicial system. And where parents cannot or will not retain counsel, laws and

legal procedures such as dismissal without prejudice, statute of limitations tolling, and court-appointed counsel work together to protect the rights of all minor children—including indigents who would be prejudiced by waiting until majority to pursue their claims.

### A.    A parent's right to act as her own attorney does not create a right to act as her minor child's attorney.

Under 28 U.S.C. § 1654, "[a] litigant in federal court has a right to act as his or her own counsel," which right "reflects a respect for the choice of an individual citizen to plead his or her own cause." *Cheung*, 906 F.2d at 61 (citations omitted). That statute, however "does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd*, 313 F.3d at 970–71 (punctuation and citations omitted). Thus, while a parent may litigate her own case without counsel, she cannot prosecute her minor child's case without falling "squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." *Johns*, 114 F.3d at 877.

This is true even though the relationship between parent and minor child is unique and often close. *Grappell*, 847 F. App'x at 701. That closeness notwithstanding:

> There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian. Sole shareholders of corporations are not allowed to represent such corporations pro se, a circumstance in which the identity of the litigant and pro se attorney is closer than the present case.

*Cheung*, 906 F.2d at 61 (citation omitted).

### B. The choice to appear pro se is not a true choice for minor children, so courts have a duty to ensure minors' entitlement to representation by counsel is honored.

Though minor children have the same statutory right under 28 U.S.C. § 1654 as their parents to proceed in litigation pro se, "[t]he choice to appear pro se is not a true choice for minors who under state law cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect … ." *Cheung*, 906 F.2d at 61 (citation omitted); *see also*, *e.g.*, *Osei-Afriyie*, 937 F.2d at 882–83; *Johns*, 114 F.3d at 877. And because the right to counsel belongs to the minor child, "the parent cannot waive this right." *Osei-Afriyie*, 937 F.2d at 883. A minor child is, however, "always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to [her]." *Osei-Afriyie*, 937 F.2d at 883; *see also Myers*, 418 F.3d at 399. Courts must therefore ensure that

the minor's entitlement to representation by counsel is honored because "[i]t goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, [minor children] are entitled to trained legal assistance so their rights may be fully protected." *Cheung*, 906 F.2d at 61.

### C. Attorney representation better ensures that a minor child's legal rights and interests are vigorously and competently protected.

"The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative," and "lack[ ] many of the attorney's ethical responsibilities." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). As a result, only licensed attorneys are permitted to represent others because "the competence of a layman litigating for himself is clearly too limited to allow him to risk the rights of others." *Myers*, 418 F.3d at 400. "The law contains so many esoteric pitfalls for an untrained advocate … that the risk of inadvertent waiver or abandonment of an issue is too high … to allow a pro se litigant to represent another person." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). Therefore, "[t]he general rule

prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party." *Adams*, <u>659 F.3d at 1300</u>. "This rule helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Grappell*, <u>847 F. App'x at 701</u>.

"[N]on-attorney parents are not trained to represent competently the interests of their children in claims that require adjudication." *Machadio*, <u>276 F.3d at 106</u> (punctuation and citation omitted). Even parents with manifest competence in other areas still lack the training and experience necessary to act as their minor child's attorney. For example, in *Osei-Afriyie*, a father who sued a hospital pro se for injuries to his minor children was "a well-educated economist," but his lack of training as a lawyer and "his lack of legal experience … nearly cost his children the chance ever to have any of their claims heard." *Osei-Afriyie*, <u>937 F.2d at 882</u>. Consequently, "[t]o ensure minors' rights are vigorously and competently protected, … non-attorney parents are barred from

representing their children in federal court." *M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 202 (4th Cir. 2014) (unpublished).[2]

### D. The general rule works in conjunction with dismissal without prejudice, statute of limitations tolling, and court-requested counsel to protect the rights of even indigent minor children who would be prejudiced by waiting until majority to pursue their claims.

Federal circuit courts agree that the proper disposition of claims brought by pro se parents on behalf of their minor children is dismissal without prejudice, as the district court did here. *See, e.g., Johns*, 114 F.3d at 877; *Grappell*, 847 F. App'x at 701; *Cheung*, 906 F.2d at 62; *Osei-Afriyie*, 937 F.2d at 882–83. This disposition permits several subsequent options, each of which protects the rights of the minor child under various circumstances, including parental indigency and potential prejudice arising from substantial delay pending the minor achieving adulthood.

The first option is that the parent "may decide to secure a lawyer and proceed once again with [her] children's claims." *Osei-Afriyie*, 937

---

[2] This is especially true in Texas where minor children may not sue their parents for negligence. *Sax v. Votteler*, 648 S.W.2d 661, 666–67 (Tex. 1983). If a parent's negligent representation of his or her child's interests in a lawsuit injures the child's legal interests, the child has no recourse. If the child is represented by counsel, on the other hand, the child would at least have a potential malpractice claim to protect her interests.

F.2d at 883; *see also Johns*, 114 F.3d at 877. The second option is that the parent "may determine not to pursue the litigation," and his minor children's claims will "accrue for the purposes of the relevant statutes of limitations when the children reach [the age of majority], or sooner if they become emancipated minors." *Osei-Afriyie*, 937 F.2d at 883; *see also Johns*, 114 F.3d at 878. Tolling of statutes of limitations for claims by minors is generally available in most states. *See*, *e.g.*, *Johns*, 114 F.3d at 878 n.2; *DeVries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014); *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995) (noting Texas Civil Practice and Remedies Code § 16.001 generally tolls limitations until a minor turns eighteen years old). And, importantly, federal appeals courts uniformly hold that tolling applies to section 1983 claims. *See*, *e.g.*, *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761–62 (5th Cir. 2015); *Crozier.*, 973 F.3d at 888; *Sansome v. Fairall*, 739 F. App'x 877, 880–81 (9th Cir. 2018); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1214 (10th Cir. 2014); *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 538 (6th Cir. 2010); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 15 n.6 (1st Cir. 1997).

Amicus counters that in some cases, statutes of limitations are not tolled during childhood. Amicus Br. at 17. Amicus cites only claims under the Federal Tort Claims Act. *Id.* But FTCA claims are the type of claims that might attract counsel willing to represent plaintiffs on a contingency fee, eliminating the concern about the lack of tolling of limitations.

The third option is that "the district court may exercise its discretion pursuant to [28 U.S.C. § 1915(e)] to appoint counsel to represent the children." *Osei-Afriyie*, 937 F.2d at 883; *see also Cheung*, 906 F.2d at 61–62; *Crozier*, 973 F.3d at 889. This option accommodates scenarios in which indigent minors have "particular merit to their claims" and "would be prejudiced by having to wait until they become old enough to sue on their own." *Osei-Afriyie*, 937 F.2d at 883; *see also Crozier*, 973 F.3d at 891. Importantly, a district court's failure to appoint counsel in appropriate circumstances is subject to review and reversal by federal circuit courts. *See*, *e.g.*, *Delaughter v. Woodall*, 909 F.3d 130, 140–41 (5th Cir. 2018) (vacating district court's denial of appointment of counsel and remanding for reconsideration, noting "counsel might assist in handling the particular complexities of this case; indeed, we benefitted from Delaughter's appointed appellate counsel"); *Moore v. Mabus*, 976

F.2d 268, 272 (5th Cir. 1992) (reversing denial of plaintiff's motion for appointment of counsel and stating "[t]he district court should promptly appoint qualified counsel"); *Crozier*, 973 F.3d at 890–92 (same). Together, these three options ensure minor children's rights are protected and preserved.

### E.    Attorney representation benefits not only the minor child, but the court and the judicial system as a whole.

"[T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court." *Lattanzio*, 481 F.3d at 139. The rule prohibiting non-lawyers from representing others therefore "exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys." *Guest*, 603 F.3d at 20 (punctuation and citations omitted); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the client but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims."), *abrogated in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). Similarly, the "rule prohibiting a

non-attorney parent from representing his or her minor child in federal court" not only "protects[s] the interests of the minor party ..., it jealously guards the judiciary's authority to govern those who practice in its courtrooms," which benefits the judicial system as a whole. *Adams*, 659 F.3d at 1300.

## III.   The counsel mandate is consistent with Rule 17(c) and was appropriately applied here.

Minor children are "the ward of every court wherein [their] rights ... are brought into jeopardy." *duPont v. Southern Nat. Bank*, 771 F.2d 874, 882 (5th Cir. 1985). Courts therefore have a duty, as set forth in Federal Rule of Civil Procedure 17(c), to "ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Grappell*, 847 F. App'x at 701 (internal citations omitted). Mandating attorney representation of minor children's legal interests except where Congress has explicitly determined such a mandate need not apply, helps courts meet their duty under Rule 17(c) to protect the child's best interests.

Amicus complains that the instant case presents a scenario where rigid application of the counsel mandate contravenes the purposes of Rule 17(c) "to further the child's interest in prosecuting or defending a

lawsuit, or at least to allow an evaluation of the merits of the suit relative to the child's best interests." Amicus Br. at 13 (citing *Gardner by Gardner v. Parson*, <u>874 F.2d 131, 140</u> (3d Cir. 1989)). Amicus further complains that the district court failed to evaluate the merits of the suit relative to the child's best interests by reflexively applying the counsel mandate. Amicus's complaints misinterpret what transpired in the district court and, as a result, the application of Rule 17(c).

At no time did Raskin ever petition the district court for counsel or represent that she was unable to afford or otherwise obtain counsel. On the contrary, when confronted by case law regarding the counsel mandate in Dallas ISD's Motion to Dismiss, Raskin responded by doubling down on her insistence that despite the law, she should be allowed in this instance to represent her children pro se. CR.21-11180.294–99 ("Are parents who … are not attorneys to be denied the right to represent their minor children in court, if they are more capable at practicing law than many attorneys who would represent the minor child less well?"). Raskin even cited several of the same cases cited by Amicus in an attempt to support her position. *Id.* at 21-11180.297 (citing *Tindall*, <u>414 F.3d at 285</u>–86). Had Raskin instead responded by

requesting appointed counsel—as the district court instructed her she could—or by informing the district court that she had tried but was unable to find counsel, the district court would have considered whether to appoint counsel. *See* CR.21-11180.8 (advising Raskin that as a pro se plaintiff, "[i]f you request a court-appointed attorney, a judge will decide whether to appoint an attorney depending on the circumstances of the case"). But Raskin never made that request.

Moreover, Raskin admits she had counsel at some point but terminated that counsel because of her personal beliefs that her counsel was "incompetent" and that she could better represent her children. App. Br. at 7. In fact, Raskin and her children were represented by counsel in a separate, but similar state court lawsuit against Dallas ISD regarding its mask requirement filed mere weeks prior to the instant lawsuit. In that lawsuit, *Koch v. Jenkins, et al.*, Cause No. DC-21-10101, in the 116th Judicial District Court, Dallas County, Texas (the "*Jenkins* Lawsuit"), Raskin, on behalf of her two children and represented by counsel, claimed Dallas ISD was illegally requiring that her children wear masks in school and that such mask requirements were detrimental to her children. Dallas ISD has separately filed an unopposed motion asking the Court to

take judicial notice of Raskin's initial pleading in the *Jenkins* Lawsuit, which demonstrates she and her children were represented by counsel on claims similar to those at issue in this case.[3]

Faced with Raskin's insistence on representing her children pro se and this Court's decision in *Sprague*, the district court correctly dismissed the claims on behalf of Raskin's children without prejudice. CR.21-11180.325; CR.21-1180.321. This allowed Raskin the opportunity to continue the proceedings with either retained counsel or by requesting appointed counsel. Instead, Raskin chose to immediately appeal. CR.21-11180.327. This decision entangled Raskin in a lengthy appellate process primarily focused on her ability to represent her children instead of promptly addressing her children's legal claims and alleged interests in attending school without masks in the district court. This is exactly the type of "esoteric pitfall" that licensed counsel would know how to navigate. *Guest*, 603 F.3d at 20.

---

[3]   Federal courts may take judicial notice of prior court proceedings as matters of public record. *Siplast, Inc. v. Emps. Mut. Cas. Co.*, 23 F.4th 486, 493 n.2 (5th Cir. 2022) (taking judicial notice of pleading attached to reply brief). They may also judicially notice prior court documents to establish the fact of the previous litigation and the related filings. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

**IV.    Amicus's argument that children's rights will not be protected in cases where they have unpopular claims or financial inability to hire counsel is overstated, as highlighted by Amicus's involvement in this appeal.**

Those with limited financial means are often able to obtain counsel and have a variety of options. For example, individuals pursuing SSI benefits are uniformly in a difficult financial situation, and yet they often secure legal representation under a contingency fee agreement. *See Murkeldove v. Astrue*, 635 F.3d 784, 787–89 (5th Cir. 2011) (discussing rules regarding contingency-fee agreements in SSI litigation). Individuals are also able to obtain representation at little or no cost through non-profit organizations or donors sympathetic to their cause, even where they are attempting to pursue allegedly unpopular positions. In civil rights cases under 42 U.S.C. § 1983 counsel may be incentivized to become involved in the hopes of recovering attorney's fees as a prevailing party under 42 U.S.C. § 1988.

And in cases where the foregoing options may not be available— such as pursuit of an equitable remedy or injunction—individuals can appeal to federal courts for assistance obtaining counsel. "[I]n a civil case a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d

1165, 1166 (5th Cir. 1990) (per curiam). Indeed, that discretion was demonstrated by this Court's appointment of amicus counsel on Raskin's behalf even without a finding of indigency. As this Court has previously held, "District courts seeking to appoint counsel have a number of resources at their disposal." *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). For example:

> Several […] district courts within our circuit maintain lists of attorneys willing to accept civil rights appointments *pro bono* […]. Courts may use bar admission fees to compensate *pro bono* counsel, or at least reimburse their expenses, and the Fifth Circuit does so along with some of its district courts. Some attorneys may also be attracted by the possibility of recovering fees if they prevail. *See* 42 U.S.C. § 1988(b).

> Moreover, attorneys have ethical obligations to represent their fair share of indigent clients that go beyond their duties to the court. In Texas […] these obligations are formalized in the Texas Disciplinary Rules of Professional Conduct […]. To the extent that attorneys commit to following these rules upon admission to the bar, "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court."

*Id.* at 804–05 (internal citations omitted). While courts are right to be concerned about ensuring access to justice is not beyond anyone's reach,

these concerns are allayed by courts' broad discretion to appoint counsel, as this Court did here.

## V. The counsel mandate does not infringe upon the constitutional rights of children or their parents—it instead protects the best interests of each child.

Aside from citing generalized case law regarding the unremarkable principle that children have constitutional rights, Amicus cites no authority that supports the idea that prohibiting a non-attorney parent from representing their child in federal court violates a child's rights. Notably, eleven federal circuits have repeatedly held that the counsel mandate in fact *protects* the interests of a child. Dallas ISD found only one case where a constitutional challenge was made to the counsel mandate—a question of whether the rule violated the Free Exercise Clause of the First Amendment. *Johns*, <u>114 F.3d at 877</u>. In that case, the Ninth Circuit affirmed that the child's and the parent's constitutional rights were "not at stake" and "not violated by limiting legal representation of others to licensed attorneys authorized to practice before the court." *Id.* The court found the only issue at stake was "the appropriate protection of a minor's legal rights in federal court." *Id.*

Moreover, a child's constitutional right of access to the courts, or capacity to sue or be sued, is determined by state not federal law. FED. R. CIV. P. 17(b). In Texas, minors "are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Instead, they are required to appear in court through a legal guardian, "next friend," or guardian ad litem. *Id.* Even when represented by a "next friend," Texas courts continue to monitor for conflicts of interest, in which case they must appoint a guardian ad litem. *Am. Guar. & Liab. Ins. v. ACE Am. Ins. Co.*, 990 F.3d 842, 849 (5th Cir. 2021) (citing *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App.—Dallas 1994, writ denied)). And even where a guardian is appointed and agrees to a settlement on a minor's behalf, "a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest." *Byrd*, 891 S.W.2d at 705 (citing TEX. R. CIV. P. 44). Finally, a minor does not have the legal capacity to employ an attorney or anyone else to watch over her interests, and is, instead, *non sui juris* and remains altogether under the court's protection. *Id.* at 704 (citing *M.K.T. Ry. v. Pluto*, 156 S.W.2d 265, 268 (Tex. Comm'n App.

1941)). Because Texas law places heavy responsibilities on the courts to protect the best interests of a minor child, which is the primary purpose of the counsel mandate, it cannot be said that the counsel mandate violates a minor child's constitutional rights.

Amicus also argues that the counsel mandate "can interfere" with the liberty interest of parents. Amicus Br. at 19. Again, other than citing case law that defines the contours of that well-recognized and uncontroversial liberty interest, Amicus cites no authority that requiring non-attorney parents to retain counsel to represent their children in federal court interferes with that liberty interest. To the extent Amicus's argument centers on the lack of risk to the legal system in allowing non-attorney parents to represent their children pro se, that argument misses the mark because the foremost purpose of the counsel mandate is not to mitigate risks to the legal system, but to mitigate risks to the best interests of the child whose claims and rights may be undermined through representation by even the most caring parent.

**VI.  A case-by-case approach would unnecessarily run the risk of uneven and unequal application that could undermine trust in the courts, and would not change the outcome in this case.**

Amicus's "case-by-case" proposal ignores that federal courts have significant discretion to appoint counsel for a parent attempting to sue on behalf of their child where they are unable to afford or cannot retain counsel. *See supra*, § IV. It also downplays that the social security exception is largely based on the Congressional determination that non-attorneys can bring those claims as long as they meet standards of basic competence, which is not applicable here.

Switching to a "case-by-case" analysis for all cases, however, creates more problems than it solves. For example, using Amicus's suggested case-by-case rubric, a court could decide to allow a wealthy, highly-educated parent who could afford counsel but chooses not to because of "strongly held family beliefs," to represent her child's interests based on a finding that the case does not present issues too complex for that parent. Another court confronted with a less educated parent with similar "strongly held family beliefs" might preclude that parent from proceeding without counsel based on a finding that the case does present complex issues, or at least issues the court is concerned *that* particular

parent is unable to adequately address. And in other circumstances, a court could even allow *the same* parent to represent their child in one case, but then deny that same ability in another case based on varying complexity of the cases. These disparate outcomes, examples of which are far too many to fully explore here, are not far-fetched, raise constitutional concerns in and of themselves, and would place the courts in an unenviable position of having to determine which parents can proceed without a lawyer and which cannot.

Even if this Court were to decide that Amicus's "case-by-case" is a prudent approach, this case does not depart from it. Raskin has not demonstrated an inability to obtain counsel, and her subjective belief that she can represent her children's interests better than a licensed attorney is an exception that would swallow the rule. Furthermore, Raskin seeks to prosecute a complex set of claims arising out of the Constitution, the Genetic Information Nondiscrimination Act, and the Texas Family Code.[4] And although this case allegedly involves fundamental rights or purported constitutional deprivations, such a

---

[4]    Due to her lack of legal training, Raskin has already inadvertently undermined some of her children's alleged claims. *See* App. Br. at 7–8 (discussing her lack of understanding as to "whether it is ordinary to omit pre-amended claims" when considering dismissal of a plaintiff's case).

factor weighs *in favor* of requiring representation by counsel to ensure those rights are adequately protected and not endangered by even the most caring parent. As a result, none of Amicus's proposed factors weigh in favor of granting Raskin a case-by-case exception to the counsel mandate. For these reasons, even under Amicus's case-by-case analysis, the district court's judgment was correct and should be affirmed.

Respectfully submitted,

/s/   Kathryn E. Long
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

CARLOS G. LOPEZ
State Bar No. 12562953
clopez@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**

500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on this 9th day of September 2022, via the Court's electronic filing and service system, as follows:

Mrs. Allyson Raskin
5533 Meletio Lane
Dallas, Texas 75230
essentiallyally@gmail.com

Cody W. Stafford
Dobrowski Stafford LLP
4601 Washington Ave., Suite 300
Houston, Texas 77007
cstafford@doblaw.com


_s/Kathryn Elizabeth Long_
Kathryn Elizabeth Long
_Attorney for Defendants-Appellees_


## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedures 29(a)(5) and 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 6,369 words.

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Century Schoolbook.

Dated: September 9, 2022

_s/Kathryn Elizabeth Long_
Kathryn Elizabeth Long
_Attorney for Defendants-Appellees_