

Houston   Kathryn E. Long
**Dallas**   Partner
Austin
Fort Worth

(972) 734-5613 Office
(972) 534-1645 Fax

klong@thompsonhorton.com

Thompson & Horton LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201-3302

October 6, 2022

**<u>Via Federal Express Overnight Delivery</u>**

Lyle W. Cayce, Clerk
United States Court of Appeals
Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408
Telephone: (504) 310-7700



RE:   Case No. 21-11180, *Raskin v. Dallas Independent School District, et al.*
          USDC No. 3:21-cv-2429-L

To the Honorable Clerk of Court:

      Pursuant to Federal Rules of Appellate Procedure 28(j) and 28.4, I write to advise the Court of an intervening decision addressing the question of whether non-attorney parents may assert claims on behalf of their minor children while proceeding pro se in federal court outside of the social security context.

      In the Court's June 28, 2022, Order appointing amicus counsel and requesting amicus briefing, the Court cited two prior Fifth Circuit opinions relevant to the aforementioned question. Those cases are *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000), which held that a non-attorney parent could appear pro se on behalf of a minor child in a social security case, and *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507 (5th Cir. 2013) (per curiam) (unpublished), which held that a non-attorney parent proceeding pro se could not assert claims on behalf of her minor child outside of the social security context.

      After amicus briefing closed, this Court issued an opinion in *Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283 (5th Cir. Sept. 15, 2022) (per curiam) (unpublished) (copy attached), reaffirming its position from *Sprague* that non-attorney parents proceeding pro se may not bring suit on behalf of their minor children outside of the

Lyle W. Cayce, Clerk
October 6, 2022
Page 2

social security context. *Dobbs* involved claims under 42 U.S.C. § 1983, which the Court held do not present the same characteristics that justify the social security exception. *Dobbs*, 2022 WL 4244283, at *2; *see also* DISD Supplemental Brief, pp. 7–8. *Dobbs* also held that Federal Rule of Civil Procedure 17(c) "addresses standing, not whether a non-lawyer guardian ... or 'like fiduciary' may represent a minor pro se." *Dobbs*, 2022 WL 4244283, at *2; *see also* DISD Supplemental Brief, pp. 19–22. *Dobbs* further reaffirmed that dismissal without prejudice is the proper decision in cases like this and that options such as legal aid or retained counsel exist to ensure the child's claims are protected and pursued. *Dobbs*, 2022 WL 4244283, at *4; *see also* DISD Supplemental Brief, pp. 15–18, 23–25.

Sincerely,

Kathryn E. Long*

Enclosure

cc:   *Via email: essentiallyally@gmail.com*
      Mrs. Allyson Raskin
      5533 Meletio Lane
      Dallas, Texas 75230

      *Via email: cstafford@doblaw.com*
      Cody Wayne Stafford
      Dobrowski Stafford L.L.P.
      4601 Washington Avenue, Suite 300
      Houston, Texas 77007

---

*   By my signature, I certify that the body of this letter does not exceed 350 words.

Case: 21-11180　　Document: 73　　Page: 3　　Date Filed: 10/07/2022

Dobbs v. Warden, Not Reported in Fed. Rptr. (2022)

2022 WL 4244283
Only the Westlaw citation is currently available.
United States Court of Appeals, Fifth Circuit.

Casey Glynn DOBBS, Plaintiff—Appellant,
v.
Brent WARDEN, Sheriff of Oldham County; Oldham County Governor; Shawn Ballew, Defendants—Appellees.

No. 21-10657
|
FILED September 15, 2022

Appeal from the United States District Court for the Northern District of Texas, USDC No. 2:19-CV-59, Matthew Joseph Kacsmaryk, U.S. District Judge

**Attorneys and Law Firms**

Casey Glynn Dobbs, Lubbock, TX, Pro Se.

Before Richman, Chief Judge, and Higginbotham and Elrod, Circuit Judges.

**Opinion**

Per Curiam:[*]

*1 Dobbs, proceeding pro se, filed a 42 U.S.C. § 1983 civil rights complaint "in the interest of" his minor child. The district court dismissed the complaint for lack of standing on the ground that a non-lawyer litigant proceeding in federal court could not represent his child. Dobbs appealed. We affirm.

**I**

Casey Glynn Dobbs, a Texas prisoner proceeding pro se, filed a § 1983 civil rights complaint "in the interest of" his minor child Lex Dobbs against Oldham County Sheriff Brent Warden, Oldham County Sheriff's Deputy Shawn Ballew, and Oldham County. He alleged that the defendants failed to investigate or protect Lex after Dobbs and his family notified law enforcement that Lex was in danger of being abused. He also complained that Ballew harassed him. Dobbs stated that the defendants' actions inter alia, violated his and Lex's constitutional rights. He requested compensatory and punitive damages, as well as an injunction preventing Ballew from participating

Case: 21-11180   Document: 73   Page: 4   Date Filed: 10/07/2022

Dobbs v. Warden, Not Reported in Fed. Rptr. (2022)

in any case involving him or Lex. He also moved for leave to proceed in forma pauperis (IFP), the appointment of counsel, and a preliminary injunction.

The district court granted Dobbs leave to proceed IFP. But the magistrate judge denied his motion for the appointment of counsel, determining that Dobbs did not show "any inability to set forth his claims for relief or ... any extraordinary circumstances ... that would justify the appointment of counsel."

Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c)(1),[1] the district court dismissed Dobbs's civil rights complaint without prejudice for lack of standing and denied his motion for a preliminary injunction because he could not prevail on the merits of his underlying claim. A district court may sua sponte dismiss a prisoner's IFP civil rights complaint pursuant § 1915(e)(2) if, among other things, it is frivolous or fails to state a claim on which relief can be granted.[2] A court is also authorized to dismiss a prisoner's civil rights lawsuit as frivolous or for failure to state a claim upon which relief may be granted pursuant to § 1915A(b)(1) and § 1997e(c)(1).[3]

The district court determined that a non-lawyer litigant proceeding pro se in federal court could not represent his child in legal proceedings, and thus Dobbs could not sue on behalf of his minor son. Dobbs timely appealed the dismissal. Dobbs's appellate brief does not challenge the district court's characterization of his complaint as being raised solely on behalf of Lex. Rather, he contends that the case only involved Lex's rights and damages. He has therefore abandoned any challenge to the district court's determination on this basis.[4]

II

*2 When a district court dismisses a prisoner's complaint pursuant to § 1915(e)(2), § 1915A, and § 1997e(c), we review the dismissal de novo.[5]

Dobbs argues that he had the right to represent Lex pro se as Lex's managing conservator and natural father in order to protect his constitutional rights. He contends that because the district court denied his motion for the appointment of counsel and because he was proceeding IFP, the district court's dismissal based on the lack of legal representation was a violation of the right to due process and left no room for the protection of his child's constitutional rights.

In federal court, parties are guaranteed the right to proceed pro se.[6] Federal Rule of Civil Procedure 17(c) provides that a general guardian, committee, conservator, or like fiduciary may sue on behalf of a minor and that a minor who does not have such a duly appointed representative may sue by

Case: 21-11180    Document: 73    Page: 5    Date Filed: 10/07/2022

Dobbs v. Warden, Not Reported in Fed. Rptr. (2022)

next friend or guardian ad litem.[7] However, this rule addresses standing, not whether a non-lawyer guardian, committee, conservator, or "like fiduciary" may represent a minor pro se.

As to whether Dobbs may proceed pro se to sue on behalf of Lex as a parent, this court has previously held, albeit in unpublished opinions, that, with the exception of social security proceedings,[8] non-attorney parents may not bring suit pro se on behalf of their minor children.[9] We differentiated social security proceedings on the ground that custodial parents are responsible for expenses associated with the minor's maintenance and therefore have a personal financial stake in the proceeding.[10] The rights of minors in social security appeals also "can be adequately protected without legal counsel—the proceedings essentially involve the review of an administrative record."[11] Those characteristics are not present in § 1983 cases.

*3 Other circuits have similarly held that a non-attorney parent or guardian cannot sue pro se on behalf of a minor child.[12] As the Third Circuit has explained:

> The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions.... It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.[13]

We agree.

Dobbs cites the Supreme Court's decision in *Winkelman v. Parma City School District.*[14] The Court held in that case that the Individuals with Disabilities Education Act (IDEA) conferred rights on parents to sue to vindicate their own rights because IDEA "creates in parents an independent stake not only in the procedures and costs implicated by this process but also in the substantive decisions to be made."[15] "As a consequence, a parent may be a 'party aggrieved' for purposes of § 1415(i)(2) with regard to 'any matter' implicating these rights.[16] The status of parents as parties is not limited to matters that relate to procedure and cost recovery."[17] Accordingly, the Supreme Court held that parents could appear pro se to vindicate those rights.[18] The Court expressly declined to reach the question of "whether IDEA entitles parents to litigate their child's claims *pro se.*"[19] The *Winkelman* decision does not support Dobbs's position.

*4 Dismissal without prejudice was the proper disposition of Lex's claims.[20]

Dobbs may consider contacting legal aid providers or attempt to retain paid counsel to pursue his child's claims. The district court's dismissal without prejudice does not foreclose a subsequent suit filed by an attorney.

Case: 21-11180    Document: 73    Page: 6    Date Filed: 10/07/2022

Dobbs v. Warden, Not Reported in Fed. Rptr. (2022)

\* \* \*

The judgment of the district court is AFFIRMED.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 4244283

Footnotes

| | |
|---|---|
| \* | Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4. |
| 1 | The district court's order discussed § 1997e(c)(1), which, as in §§ 1915A and 1915(e)(2), allows for the dismissal of a prisoner's complaint if, inter alia, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* § 1997e(c)(1); §§ 1915A, 1915(e)(2). However, the district court's conclusion stated that Dobbs's complaint was being dismissed pursuant to § 1997e(a), which involves exhaustion of administrative remedies, in addition to §§ 1915A and § 1915(e)(2). Because the district court's order did not otherwise mention exhaustion, we presume that the dismissal was pursuant to § 1997e(c)(1), rather than § 1997e(a). |
| 2 | 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). |
| 3 | 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). |
| 4 | *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). |
| 5 | *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing the dismissal of a complaint de novo in which the district court refers to all three statutes as a basis for dismissal). |
| 6 | *See* 28 U.S.C. § 1654. |
| 7 | Fed. R. Civ. P. 17(c). |
| 8 | *See Harris v. Apfel*, 209 F.3d 413, 414-17 (5th Cir. 2000) (holding that a parent could sue on behalf of a minor child to obtain supplemental security income benefits under Title XVI of the Social Security Act despite the fact that other circuits have held that non-attorney parents could not appear pro se on behalf of their children in various other types of cases, including § 1983 cases). |
| 9 | *See Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) (unpublished); *Johnson v. Lufkin Daily News*, No. 02-40420, 2002 WL 31115132, at \*1 (5th Cir. Sept. 17, 2002) (per curiam) (unpublished); *see also Fountain v. Thaler*, 629 F. App'x 592, 593, 595 (5th Cir. 2015) (per curiam) (unpublished) (holding that a state prisoner did not have the right to bring § 1983 claims on behalf of his minor child); *Aduddle v. Body*, 277 F. App'x 459, 461-62 (5th Cir. 2008) (per curiam) (unpublished) (holding that even if the prisoner was the child's legal guardian, as a non-lawyer, he did not have the authority to represent his granddaughter on a pro se basis); *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (per curiam) (unpublished) (noting that because the plaintiff was proceeding pro se, she did not have the authority to assert claims on behalf of the minor child). |
| 10 | *Harris*, 209 F.3d at 416. |
| 11 | *Id.* at 417. |
| 12 | *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys.... There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child |

Case: 21-11180 Document: 73 Page: 7 Date Filed: 10/07/2022

Dobbs v. Warden, Not Reported in Fed. Rptr. (2022)

without retaining a lawyer."); *Ethan H. v. State of N.H.*, No. 92-108, 1992 WL 167299, at *1 (1st Cir. July 21, 1992) (per curiam) (unpublished) ("We now hold that [the plaintiff], acting *pro se*, may not represent her son in this appeal."); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("It is ... well-established in this Circuit that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court."), *abrog. on other grounds*, 550 U.S. 516 (2007); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *Johnson v. Collins*, 5 F. App'x 479, 485 (7th Cir. 2001) (unpublished) ("But though [Plaintiff] may bring this suit on the children's behalf, he may not do so without counsel.").

13   *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) (internal citations omitted).

14   *Winkelman* ex rel. *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

15   *Id.* at 531.

16   *See* § 1415(b)(6)(A).

17   *Winkelman*, 550 U.S. at 531.

18   *Id.* at 535.

19   *Id.*

20   *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) ("[T]he children's claims can be dismissed without prejudice, to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors.").

**End of Document**   © 2022 Thomson Reuters. No claim to original U.S. Government Works.