

**CODY W. STAFFORD**
cstafford@doblaw.com

October 11, 2022

*By UPS & CM/ECF*
Lyle W. Cayce, Clerk
United States Court of Appeals
Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

> **Re:    Case No. 21-11180;** *Raskin v. Dallas Independent School District et al.*
> **USDC No. 3:21-cv-2429-L**

Dear Mr. Cayce:

Under Federal Rule of Appellate Procedure 28(j) and Fifth Circuit Rule 28.4, I write to respond to Ms. Long's letter of October 6th related to the Court's recent unpublished opinion in *Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283 (5th Cir. Sept. 15, 2022) (per curiam).

Though *Dobbs* applies the counsel mandate to affirm the dismissal of a pro se prisoner's attempt to litigate claims on behalf of his minor child, it adds nothing legally noteworthy here. If anything, the pro se prisoner's unsuccessful attempt to obtain appointed counsel to represent his minor child—before trying to vindicate his child's rights himself—only highlights the problems with the counsel mandate. *See, e.g.*, Amicus Reply Br. at p. 11. What's more, the *Dobbs* court expressly notes that the Fifth Circuit's counsel mandate holdings are limited to "unpublished opinions." *Id.* at *2 (citing cases).

Put simply, *Dobbs* neither provides any new rationale for applying the counsel mandate nor helps the Court determine whether, and to what extent, to apply the counsel mandate in future cases.

Lyle W. Cayce, Clerk
October 11, 2022
Page 2

Please let me know if the Court has any questions or requires further briefing.

Very truly,

Cody W. Stafford
*Court-Appointed Amicus Curiae*

CWS/lr

cc:    *By CM/ECF*
       All Counsel of Record
       Allyson Raskin