No. 21–11180

In The United States Court Of Appeals
For The Fifth Circuit

Allyson Raskin, on behalf of her minor children JD1 and JD2,

*Plaintiff-Appellant,*

*v.*

Dallas Independent School District; Dallas Independent School District
Board of Trustees; Michael Hinojosa, Superintendent of the Dallas
Independent School District in his individual capacity and in his official
capacity as Superintendent of the Dallas Independent School District;
Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie
Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin
Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry,
all in their Individual Capacities and in their Capacities as Members of
the Dallas Indpendent School District Board of Trustees,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
Civil Action No. 3:21-cv-2429-L

**APPELLEES DALLAS INDEPENDENT
SCHOOL DISTRICT, DALLAS INDEPENDENT SCHOOL
DISTRICT BOARD OF TRUSTEES, MICHAEL HINOJOSA,
BEN MACKEY, EDWIN FLORES, MAXIE JOHNSON, JOE
CARREON, DUSTIN MARSHALL, DAN MICCICHE, KARLA
GARCIA, JOYCE FOREMAN, AND JUSTIN HENRY'S
RESPONSE TO PETITION FOR REHEARING EN BANC**

Kathryn E. Long
State Bar No. 24041679
klong@thompsonhorton.com

Carlos G. Lopez
State Bar No. 12562953
clopez@thompsonhorton.com

K. Adam Rothey
State Bar No. 24051274
arothey@thompsonhorton.com

THOMPSON & HORTON LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for Appellees Dallas Independent School District, *et al.*, (the "Dallas ISD Appellees") certifies that the Supplemental Certificate of Interested Persons contained in Plaintiff-Appellant Allyson Raskin's Petition for Rehearing En Banc accurately represents the persons and entities having an interest in the outcome of this case.

/s/    *Kathryn E. Long*
Kathryn E. Long
*Attorney of Record for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

# RULE 35(b) STATEMENT

*En banc* rehearing is neither necessary nor proper in this case. The panel decision in this case does not conflict with a decision of the United States Supreme Court or of this Court. *See* FED. R. APP. P. 35(b)(1)(A). Moreover, it does not involve a question of exceptional importance. *See* FED. R. APP. P. 35(b)(1)(B).

The panel decision represents only a "minor course correction" from prior unpublished decisions in this Circuit and published decisions in other circuits that held that non-attorney parents cannot represent their children pro se in federal court except in limited circumstances. Slip Op. 8. It holds—in Raskin's favor—that non-attorney parents *may* represent their children pro se in federal court if federal or state law designates their children's claims as the parents' "own" under 28 U.S.C. § 1654, and remands the case for Raskin to have the opportunity to make that showing. *Id.* at 10.

Raskin argues the panel's decision supports her right to proceed as her children's counsel and claims that a provision of the Texas Family Code authorizes parents to represent their children pro se. But rather than make that argument on remand in the district court as the panel

invites her to, Raskin instead seeks rehearing to ask the Court to adopt the dissent's broader position that non-attorney parents should be able to represent their children pro se in federal court "full stop."

The distinction between the panel majority and the dissent of whether federal or state law authorizes parents to proceed pro se on behalf of their children's claims or whether parents have an absolute right to proceed pro se on behalf of their children in federal court does not present a question of exceptional importance because it is unknown whether this distinction will lead to a different outcome in this or any other case. For example, if on remand, Raskin successfully argues that Texas law authorizes her to proceed pro se on behalf of her children's claims, then the issue she raises for rehearing is a distinction without a difference; not a question of exceptional importance. Further, the parties have not had the opportunity to address the impact of the panel majority's decision on Raskin's claims or even brief the issues raised by the panel majority's decision sufficiently for this Court to review. As a result, rehearing before this is premature and should be denied.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................iii

RULE 35(b) STATEMENT.......................................................... iv

TABLE OF CONTENTS ........................................................... vi

TABLE OF AUTHORITIES ....................................................... vii

STATEMENT OF THE ISSUE................................................... ix

STATEMENT OF THE CASE ................................................... 1

SUMMARY OF THE ARGUMENT ........................................... 2

ARGUMENT ........................................................................ 4

I.      The standard of review ................................................ 4

II.     The Court should deny Raskin's Petition because the panel's
        decision does not conflict with Fifth Circuit precedent.................. 5

III.    Rehearing is not necessary because the question raised is
        not one of "exceptional importance.".................................. 9

        A.      The question raised is not exceptionally important to the
                resolution of Raskin's case because, under her proposed
                interpretation of Texas law, the panel's decision supports
                her right to proceed as her children's counsel pro se. .......... 11

        B.      While its approach to the counsel mandate may differ,
                there is only potentially "minor" conflict between the
                panel's decision and the authoritative decisions of other
                United States Courts of Appeals—whereas Raskin
                admits her requested relief would create a circuit split. ..... 13

CONCLUSION AND PRAYER............................................... 16

CERTIFICATE OF SERVICE................................................. 18

CERTIFICATE OF COMPLIANCE........................................ 19

# TABLE OF AUTHORITIES

**CASES**

*ACS Primary Care Physicians Sw., P.A. v. UnitedHealthcare Ins. Co.*,
26 F.4th 716 (5th Cir. 2022) ..................................................................12

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*,
906 F.2d 59 (2d Cir. 1990) ......................................................................1

*Freiler v. Tangipahoa Parish Bd. of Educ.*,
201 F.3d 602 (5th Cir. 2000) ...................................................................5

*Harris v. Apfel*,
209 F.3d 413 (5th Cir. 2000) .........................................................*passim*

*Iannaccone v. Law*,
142 F.3d 553 (2d Cir. 1998) ............................................................7, 15

*Machadio v. Apfel*,
276 F.3d 103 (2d Cir. 2002) ............................................................8, 14

*McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*,
980 F.3d 1066 (5th Cir. 2020) .................................................................4

*Rios v. City of Del Rio, Tex.*,
444 F.3d 417 (5th Cir. 2006) ...................................................................9

*Sprague v. Dep't of Fam. & Protective Servs.*,
547 F. App'x 507 (5th Cir. 2013) ............................................................1

*Teague v. City of Flower Mound, Tex.*,
179 F.3d 377 (5th Cir. 1999) ...................................................................9

*U.S. v. Chapa-Garza*,
262 F.3d 479 (5th Cir. 2001) ...................................................................5

*U.S. v. Nixon*,
827 F.2d 1019 (5th Cir. 1987) .................................................................4

**STATUTES**

28 U.S.C. § 1654 .................................................................................*passim*

42 U.S.C. § 406 ......................................................................................8

42 U.S.C. § 2000ff, *et seq.* ...................................................................1, 2

TEX. FAM. CODE § 151.001(a)(7) ................................................11, 12, 13

**OTHER AUTHORITIES**

FED. R. APP. P. 35......................................................................2, 4, 5, 9, 13

## STATEMENT OF THE ISSUE

Whether the Court should grant Plaintiff-Appellant's Petition for Rehearing En Banc ("Petition") when the panel's decision does not conflict with a decision of the United States Supreme Court or the Fifth Circuit and her Petition does not involve a question of exceptional importance.

## STATEMENT OF THE CASE

The district court faithfully applied this Circuit's long-standing unpublished authority—and the published authority of nearly every other federal circuit—that pro se parents cannot serve as their children's attorneys outside of the Social Security appeal context, and dismissed Plaintiff-Appellant Allyson Raskin's lawsuit against the Dallas ISD Appellees, which asserted Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff, *et seq.*, claims related to the alleged impact of Dallas ISD's now-revoked mask mandate on her two minor children. ROA.318–22, 325–26. Raskin, on behalf of her children, appealed the district court's judgment. ROA.327.

After Raskin and the Dallas ISD Appellees had fully briefed the issues raised by her appeal, this Court entered an Order "appointing pro bono counsel to file an amicus brief" in Raskin's support on a narrow issue: "Outside of the social security context, may non-attorney parents assert claims on behalf of their minor children while proceeding pro se in federal court: *Cf. Harris v. Apfel*, 209 F.3d 413, 414–17 (5th Cir. 2000); *Sprague v. Dep't of Fam. & Protective Servs.*, 547 F. App'x 507, 507–08 (5th Cir. 2013); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906

F.2d 59, 61 (2d Cir. 1990)." Dkt. 43. In compliance with the Order, amicus counsel and the Dallas ISD Appellees briefed the question posed by the Court and appeared along with Raskin for oral argument.

Based on 28 U.S.C. § 1654's provision that in federal courts "parties may plead and conduct their own cases personally or by counsel," a panel majority made "a minor course correction in [this] circuit," holding that § 1654 "does not absolutely bar parents from proceeding *pro se* on behalf of their children," and that the determining factor is "whether federal or state law designates Raskin's children's claims as her 'own' … ." Slip Op. 3, 8–10. Consequently, the panel vacated the district court's dismissal of Raskin's GINA claims and remanded for further proceedings to consider whether "under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children." *Id.* 10.

## SUMMARY OF THE ARGUMENT

Raskin's Petition fails to raise an issue that meets the high bar set forth in Rule 35 for ordering rehearing en banc. The panel decision in this case does not conflict with a decision of the United States Supreme Court. And, despite Raskin's argument to the contrary, neither does the panel's

decision conflict with decisions in this Circuit, including *Harris v. Apfel*, a case the panel expressly considered as part of its decision.

Raskin's Petition also does not raise a question of "exceptional importance." The panel's "minor course correction," in fact supports Raskin's position that parents in Texas may have the right to act as their children's lawyers in federal court depending on the application of Texas or federal law. As a result, rehearing may prove unnecessary to preserve Raskin's right to represent her children under the panel's decision since Raskin argues even now that Texas law unambiguously authorizes her to represent her children pro se in court. Furthermore, the issue of whether parents have a categorical or constitutional right to act as their children's lawyers pro se as opposed to whether federal or state law authorizes such a right would be better addressed—if necessary—after remand and an opportunity for full briefing on that issue in the district court.

Finally, Raskin admits that the panel's decision is not necessarily in conflict with the authoritative decisions of other circuits and may only "sometimes" lead to different outcomes than those reached in other circuits. Conversely, Raskin's requested reversal of the panel majority

and adoption of the panel dissent's approach would absolutely conflict with authoritative decisions of other circuits, which runs counter to the purpose of Rule 35 to resolve, not create, conflicts.

## ARGUMENT

### I.    The standard of review.

A "petition for rehearing en banc is an extraordinary procedure that is intended to bring to the attention of the entire court an error of exceptional public importance or an opinion that directly conflicts with prior Supreme Court, Fifth Circuit or state law precedent." 5TH CIR. R. 35, Internal Operating Procedures (emphasis added). "En banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." FED. R. APP. P. 35(a). A petition must fall within one of the two Rule 35(a) categories for rehearing en banc to be appropriate. *See U.S. v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987).

As to the first category, "direct conflict" is not merely a claim of misinterpretation of precedent. *See Nixon*, 827 F.2d at 1023. As to the second category, the Fifth Circuit narrowly construes whether a petition presents a question of exceptional importance. *See, e.g., McRaney v. N.*

*Am. Mission Bd. of S. Baptist Convention, Inc.*, 980 F.3d 1066, 1066–67 (5th Cir. 2020) (denying petition for rehearing en banc involving alleged government intrusion into matters of church governance in violation of the First Amendment); *U.S. v. Chapa-Garza*, 262 F.3d 479, 479–80 (5th Cir. 2001) (denying petition for rehearing en banc regarding whether a Texas felony DWI is a crime of violence warranting felony sentence enhancement despite being an issue of "national importance" according to the dissent); *Freiler v. Tangipahoa Parish Bd. of Educ.*, 201 F.3d 602, 603–04 (5th Cir. 2000) (denying petition for rehearing en banc on First Amendment Establishment Clause issue argued by the dissent to be inconsistent with Supreme Court precedent and "nothing less than hostile toward religion"). And Rule 35 provides an example of a question of "exceptional importance" as one "on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." FED. R. APP. P. 35(b)(1)(B).

## II.    The Court should deny Raskin's Petition because the panel's decision does not conflict with Fifth Circuit precedent.

Raskin does not argue that the panel decision conflicts with any Supreme Court precedent. Instead, Raskin argues only that the panel's decision creates a "methodological split" within the Fifth Circuit based

on the Court's decision in *Harris v. Apfel*, 209 F.3d 413, 416–17 (5th Cir. 2000), in which it held that parents may represent their children pro se in some Social Security-related appeals. Pet. 6. Raskin asserts that because of the panel decision, district courts in this Circuit will now have to choose whether to apply the panel's interpretation of § 1654 or *Harris*'s policy-driven framework when confronted with the issue of parental representation of their children. *Id.* at 10. Raskin's argument is incorrect.

*Harris* did not so much establish a stand-alone "framework" for determining whether parents can represent their children pro se in federal court as it merely recognized a single exception to the general rule that parents cannot represent their children pro se in federal court based on the circumstances of that case. *Harris*, 209 F.3d at 417. In that regard, Raskin does not point to any other instance where the Fifth Circuit has applied a so-called *Harris* "framework" to recognize an exception to the general rule outside of the supplemental security income ("SSI") appeal context. That is because there has been no other case in the Fifth Circuit applying *Harris* to create additional exceptions to the general rule against parental pro se representation.

Further, the SSI appeal exception recognized in *Harris* is consistent with the panel's interpretation of § 1654. In *Harris*, this Court grappled with the Second Circuit's decision in *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998), which denied a non-attorney son's right to proceed pro se on behalf of his father's estate in seeking review of a Commissioner of the Social Security Administration's ("SSA") decision denying social security benefits to his father while living. 142 F.3d at 554. This Court declined to follow *Iannaccone*, acknowledged § 1654's guarantee of the right to proceed pro se, and highlighted the fact that an appellant-parent in an SSI appeal has "a personal stake in the litigation," which supports the conclusion that a parent in an SSI appeal should be allowed to proceed on behalf of her child pro se. *Harris*, 209 F.3d at 416–17. Basing the SSI appeal exception on the foundation that a parent has a "personal stake in the litigation" is not so inconsistent with the panel's interpretation of § 1654 such that it creates a direct conflict between these decisions. On the contrary, the panel's decision cites *Harris* as an example of a federal statute working to circumvent the general rule against pro se parent representation since SSI appeals necessarily "belong[ ] to the parent … ." Slip Op. 6.

The federal statute at issue in *Harris*, 42 U.S.C. § 406, was discussed in detail in another Second Circuit SSI appeal case cited by the panel, *Machadio v. Apfel*, 276 F.3d 103 (2d Cir. 2002), which further distinguished *Iannoccone*'s absolute application of the counsel mandate. Of significance, *Machadio* noted that in 42 U.S.C. § 406, Congress authorized the SSA Commissioner to "'prescribe rules and regulations governing the recognition of agents and other persons, *other than attorneys* as hereinafter provided, representing claimants before the Commissioner … .'" 276 F.3d at 107 (quoting 42 U.S.C. § 406) (emphasis added). *Machadio* further explained that under the regulations promulgated by the SSA Commissioner, a claimant may be represented by an attorney or "any person who is not an attorney" who meets certain basic qualifications. *Id.* (quoting 20 C.F.R. § 416.1505(b)). And while it acknowledged that 42 U.S.C. § 406 and these regulations did not speak directly to parental representation in federal court, *Machadio* also relied on the concept of parental "interest in the case" in deciding that parents pursuing SSI appeals pro se could represent their children in federal court without counsel. *Machadio*, 276 F.3d at 107.

Notably, Raskin does not argue that the panel's decision overruled *Harris* or that *Harris* would be decided any differently under the framework outlined by the panel's decision.[1] Based on its references to and reliance on *Harris*, it does not appear that the panel intended to overrule or create a conflict or alternate framework to *Harris*. As a result, it can hardly be argued that the panel's decision conflicts with *Harris* or creates an alternate framework, when both decisions acknowledge the counsel mandate and rest their exception to the mandate on the question of parental interest in or ownership of the child's claim as predicated by state or federal law. Thus, Raskin's Petition fails to meet the requirement of Rule 35(a)(1) that en banc reconsideration is necessary to secure or maintain uniformity of this Court's decisions.

## III.    Rehearing is not necessary because the question raised is not one of "exceptional importance."

Because she failed to demonstrate a conflict between the panel's decision and any other decision of the Supreme Court or this Court,

---

[1]    Indeed, the panel could not overrule *Harris* and any conflict would be resolved in *Harris*'s favor. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("[W]here two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court of this court en banc)."); *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 383 (5th Cir. 1999) ("Moreover, the rule of orderliness forbids one of our panels from overruling a prior panel … .").

Raskin is left to argue that the question presented is of "exceptional importance" to support her request for rehearing. FED. R. APP. P. 35(a)(2). To do so, Raskin broadly frames the issue as whether "parents have the right to litigate their child's claims *pro se*?" Pet. 1. But the real issue is not nearly so broad. Although the panel generally affirms the counsel mandate, it in fact holds—in Raskin's favor—that parents *do* have the right to litigate their children's claims pro se if federal or state law designates the children's claims as the parent's "own." Slip Op. 3. This reality is not lost on Raskin, who argues that Texas law "unambiguous[ly]" does so. Pet. 12–14.

Assuming without conceding that Raskin's proposed interpretation of Texas law is correct—which issue the panel remanded to the district court for briefing and resolution in the first instance—rehearing would not yield a different outcome in her case or that of any other Texas parent because Texas law and the panel's decision would authorize her continued representation of her children. Further, Raskin's Petition does not demonstrate a direct conflict between circuits, because the Fifth Circuit still recognizes the counsel mandate and, as even Raskin admits, the panel's decision may only "sometimes" result in different outcomes

than those arrived at in other circuits. Pet. 8–9. Consequently, the Petition does not present a question of exceptional importance.

**A.    The question raised is not exceptionally important to the resolution of Raskin's case because, under her proposed interpretation of Texas law, the panel's decision supports her right to proceed as her children's counsel pro se.**

If the Court denies the Petition, Raskin's case will be remanded to the district court where she is invited to advance her argument that Texas Family Code § 151.001(a)(7) authorizes Texas parents to represent their children in legal proceedings pro se. *See* Slip Op. 10. Before the district court, as the panel suggests, the question of § 151.001(a)(7)'s impact on this case may be fully developed in the first instance and then reviewed by this Court, if necessary. *Id.* at 7 n.5. If Raskin's argument regarding the impact of § 151.001(a)(7) or some other statute prevails, then the effect of the panel's decision, at least as to Texas parents, is to essentially eliminate the counsel mandate altogether. Such an outcome would not only obviate the need for rehearing, but it would also assuage Raskin's concerns about the impact of the panel's decision on the rights of parents, the right to self-representation, and the right of access to the courts. *See* Pet. 14–17.

11

And while Raskin suggests that the panel could have, and that this Court should instead certify the question of the impact of Texas Family Code § 151.001(a)(7) to the Texas Supreme Court, other than a cursory parenthetical reference to the standard for certifying a question of state law, Raskin entirely fails to demonstrate that the standard for certification is met here. Pet. 14.

Three factors determine whether certification is proper: "(1) the closeness of the question and the existence of sufficient sources of state law; (2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and (3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court." *ACS Primary Care Physicians Sw., P.A. v. UnitedHealthcare Ins. Co.*, 26 F.4th 716, 719 (5th Cir. 2022). Whether these factors weigh in favor of certification in this case, however, is undeveloped at this stage because it was only after the panel's decision that the interpretation of the Texas Family Code became potentially outcome-determinative.

Consequently, unlike in *ACS* which was cited by Raskin in support of her certification argument, no party has yet had the opportunity to

brief the certification factors to argue whether they are met. Although, as it stands, it appears at least the first two factors weigh against certification since neither party has briefed whether sufficient sources of state law exist on the question of the interpretation of Texas Family Code § 151.001(a)(7) and since comity does not appear to be implicated by the question of parental rights to appear in *federal*, not state court. Thus, remand, not certification is the more appropriate route.

**B.    While its approach to the counsel mandate may differ, there is only potentially "minor" conflict between the panel's decision and the authoritative decisions of other United States Courts of Appeals—whereas Raskin admits her requested relief would create a circuit split.**

Rule 35 indicates that a question of "exceptional importance" may arise in situations where "an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." FED. R. APP. P. 35(b)(1)(B). While it is true that none of the other circuits who have considered the counsel mandate recognized an exception based on the panel's interpretation of § 1654, it is also true that the panel and those ten other circuits still arrive at the same general conclusion—that the counsel mandate applies except in certain circumstances. Additionally, like the panel, some of those same

circuits—particularly in the Second Circuit, which was among the first circuits to recognize the counsel mandate—have expressed reservations about its absoluteness and at least opened the door to consideration of a more nuanced approach to its application. As a result, as Raskin admits, any supposed conflict between the panel's decision and the authority of other circuits has more to do with how those circuits arrive at exceptions to the mandate, not whether they exist in the first place. *See* Pet. 8.

For example, the Second Circuit in *Tindall v. Poultney High School District*, adhered to its "broad" and "clear" precedent prohibiting non-lawyer parents from representing their children pro se, but did so only after indicating that the rule may not be "quite as absolute as it may seem" and highlighting that several of the *Machadio* factors applicable to SSI appeals were also present in that case. 414 F.3d 281, 285–86 (2d Cir. 2005). In particular, *Tindall* cited "the intertwining of the interests of the parent and the child" as a factor present in *Machadio* as well as in the case before the court as a reason for its opinion that "the rule that a parent may not represent her child should be applied gingerly." *Id.* It further acknowledged that an absolute bar against parental representation of children seems "to be in some tension with the general

14

notion that a person may appear in court without the benefit (or expense) of professional assistance." *Id.*

The concept of the intertwining interests of parents and children as a basis for exceptions to the counsel mandate in the SSI appeal context and in *Tindall* is again remarkably consistent with the panel's holding that § 1654 permits parental representation of children when the claims are the parent's "own." *See, e.g., Iannaccone*, 142 F.3d at 558 (reasoning that parents cannot appear pro se on behalf of their child because they are not "litigating an interest personal to [them]"). Indeed, even in arguing that a circuit conflict exists, Raskin acknowledges that the panel's framework will not necessarily lead to different outcomes than the test applied in other circuits. *See* Pet. 9 ("… the majority's test will sometimes lead to different outcomes than the test applied in other circuits."). As a result, it would appear to be somewhat of an overstatement to assert that the panel's decision, which is merely a "minor course correction" from prior unpublished decisions in this Circuit that themselves relied heavily on analysis and precedent from other Circuits, directly conflicts with authoritative decisions of those other Circuits.

Raskin admits, on the other hand, that the panel dissent's approach will absolutely create a direct circuit split with the Fifth Circuit being the only circuit to abandon the counsel mandate altogether. Pet. 10. Since one of the purposes of rehearing en banc is to address alleged circuit splits, it seems counterintuitive that rehearing should be granted to create a circuit split. Raskin's Petition should therefore be denied.

## CONCLUSION AND PRAYER

This Court need not grant rehearing en banc. The panel correctly remanded the case to the district court where Raskin may advance her argument that, in light of the panel's decision, Texas law authorizes her to proceed as her children's counsel in these proceedings. There, that question may be fully briefed, decided, and appealed to this Court, if necessary. If Raskin's argument proves successful, the effect of the panel's decision is to grant Raskin the very right she seeks by means of her Petition. Since the panel's decision does not conflict with precedent from the Supreme Court or this Court, and since Raskin's relief requested via her Petition would create a circuit split where one does not exist, the Dallas ISD Appellees pray that her request for rehearing en banc be denied.

Respectfully submitted,

/s/   *Kathryn E. Long*

KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

CARLOS G. LOPEZ
State Bar No. 12562953
clopez@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**

500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for Defendants-Appellees Dallas Independent School District, Dallas Independent School District Board of Trustees, Michael Hinojosa, Ben Mackey, Edwin Flores, Maxie Johnson, Joe Carreon, Dustin Marshall, Dan Micciche, Karla Garcia, Joyce Foreman, and Justin Henry*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on this 24th day of July, 2023, via the Court's electronic filing and service system, as follows:

Aaron M. Streett
Baker Botts L.L.P.
910 Louisiana Street
Houston, Texas 77002-4995
aaron.streett@bakerbotts.com

Matthew P. Erickson
Baker Botts L.L.P.
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
matt.erickson@bakerbotts.com

Cody Wayne Stafford
Dobrowski Stafford L.L.P.
4601 Washington Ave., Suite 300
Houston, Texas 77007
cstafford@doblaw.com

Kelly J. Shackelford
Jeffrey C. Mateer
Hiram S. Sasser III
David J. Hacker
First Liberty Institute
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
kshackelford@firstliberty.org
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org

*s/Kathryn Elizabeth Long*
Kathryn Elizabeth Long
*Attorney for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,474 words.

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Century Schoolbook.

Dated: July 24, 2023

*s/Kathryn Elizabeth Long*
Kathryn Elizabeth Long
*Attorney for Defendants-Appellees*