No. 21-11180

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

ALLYSON RASKIN, on behalf of her minor children JD1 and JD2,

*Plaintiff-Appellant*,

v.

DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHAEL HINOJOSA, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; BEN MACKEY, President; EDWIN FLORES, 1st Vice President; MAXIE JOHNSON, 2nd Vice President; JOE CARREON, Board Secretary; DUSTIN MARSHALL; DAN MICCICHE; KARLA GARCIA; JOYCE FOREMAN; JUSTIN HENRY, all in their Individual Capacities and in their Capacities as Members of the Dallas Independent School District Board of Trustees,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION,
Civil Action No. 3:21-cv-02429-L

### REPLY OF PLAINTIFF-APPELLANT IN SUPPORT OF REHEARING EN BANC

Kelly J. Shackelford
Jeffrey C. Mateer
Hiram S. Sasser III
David J. Hacker
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
Tel: 972.941.4444

Aaron M. Streett
Matthew P. Erickson
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522

ATTORNEYS FOR APPELLANT ALLYSON RASKIN

# SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

## Plaintiff-Appellant

Allyson Raskin, on behalf of her minor children JD1 and JD2

## Counsel for Plaintiff-Appellant

Aaron M. Streett
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522
aaron.streett@bakerbotts.com

Matt Erickson
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Tel: 512.322.2500
Fax: 512.322-2501
matt.erickson@bakerbotts.com

Kelly Shackelford
Hiram Sasser
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway
Suite 1600
Plano, TX 75075

Tel: 972.941.4444

**Defendants-Appellees**

Dallas Independent School District; Dallas Independent School District Board of Trustees; Michael Hinojosa, Superintendent of the Dallas Independent School District in his individual capacity and in his official capacity as Superintendent of the Dallas Independent School District; Ben Mackey, President; Edwin Flores, 1st Vice President; Maxie Johnson, 2nd Vice President; Joe Carreon, Board Secretary; Dustin Marshall; Dan Micciche; Karla Garcia; Joyce Foreman; Justin Henry, all in their Individual Capacities and in their Capacities as Members of the Dallas Independent School District Board of Trustees

**Counsel for Defendants-Appellees**

Kathryn E. Long
Carlos G. Lopez
K. Adam Rothey
THOMPSON & HORTON LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
Tel: 972.853.5115
Fax: 972.692.8334
klong@thompsonhorton.com
clopez@thompsonhorton.com
arothey@thompsonhorton.com

                                         */s/ Aaron M. Streett*
                                         Aaron M. Streett

                                         *Attorney of record for Allyson Raskin*

iii

## TABLE OF CONTENTS

Supplemental Certificate of Interested Persons ............................................. ii

Table of Authorities ..................................................................................... v

Argument ..................................................................................................... 1

    I.    The panel's methodology stands in stark contrast with this Court's precedents and with the precedents of other circuits. .................................................................................. 1

    II.    The panel's remand does not weigh against en banc review. ................................................................................................... 5

    III.    The panel's newfangled clear-statement rule cannot be reconciled with Ms. Raskin's well-established constitutional rights. ................................................................. 6

Conclusion ................................................................................................... 7

Certificate of Service .................................................................................... 9

Certificate of Compliance ........................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*,
 409 F.3d 753 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) ............................................................................................................ 3

*Chambers v. Balt. & Ohio R.R.*,
 207 U.S. 142 (1907) ................................................................................ 7

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*,
 906 F.2d 59 (2d Cir. 1990) ..................................................................... 2

*Collinsgru v. Palmyra Bd. of Educ.*,
 161 F.3d 225 (3d Cir. 1998), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) ............................................................................................................ 3

*Faretta v. California*,
 422 U.S. 806 (1975) ................................................................................ 7

*Harris v. Apfel*,
 209 F.3d 413 (5th Cir. 2000) ......................................................... 3, 4, 5

*Heldt v. Nicholson*,
 No. 99–2120, 2000 WL 1176879 (6th Cir. Aug. 10, 2000) (unpublished) ............................................................................................................ 3

*Iannaccone v. Law*,
 142 F.3d 553 (2d Cir. 1998) ................................................................... 2

*Machadio v. Apfel*,
 276 F.3d 103 (2d Cir. 2002) ............................................................. 2, 5

*Myers v. Loudoun Cnty. Pub. Schs.*,
 418 F.3d 395 (4th Cir. 2005) ................................................................. 2

*Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*,
 937 F.2d 876 (3d Cir. 1991) ................................................................... 2

*Troxel v. Granville*,
   530 U.S. 57 (2000) ............................................................................................. 7

*Turner v. Rogers*,
   564 U.S. 431 (2011) ............................................................................................ 2

*United States ex rel. Mergent Servs. v. Flaherty*,
   540 F.3d 89 (2d Cir. 2008) ................................................................................. 1

**STATUTES**

28 U.S.C. § 1654 .................................................................................................. 1, 3

TEX. FAM. CODE § 151.001(a)(7) ............................................................................ 6

# ARGUMENT

**I. The panel's methodology stands in stark contrast with this Court's precedents and with the precedents of other circuits.**

Dallas Independent School District's ("DISD") lead argument is that the panel decision does not conflict with this Court's precedents or the precedents of any circuit. But this is not so. While most circuits have forbidden parents from representing children *pro se* with a few narrow exceptions, they have employed a kaleidoscope of methodologies in reaching that result. Two of those conflicting methodologies now find a place in this Court's precedents. Thus, without en banc review, future courts in this circuit will not have clear guidance as to which methodology to employ. Methodology matters because these varied approaches create different results in many circumstances.

One set of decisions relies primarily on 28 U.S.C. § 1654's language. These "textualist"[1] decisions reason that because § 1654 only allows parties to "plead and conduct their *own* cases personally," parents must hire counsel to represent their children's claims. *See* Slip Op. at 3–4; *see also United*

---

[1] Ms. Raskin uses the label "textualist" only in the loosest sense. As Judge Oldham pointed out in his dissent, these cases' interpretation of § 1654 is internally inconsistent. *See* Slip Op. 29 (Oldham, J., dissenting); Pet. 7–8. Even DISD's brief in opposition never tries to rehabilitate the panel's statutory analysis.

1

*States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). The panel embraced this approach, albeit with a new twist, by holding that parents can represent their children only when the parent's "own" rights are implicated in the child's claim. Slip Op. 3.

The next set of cases could broadly be labelled as "policy-driven." But even within this category, courts have advanced a number of values that they say the counsel mandate serves. Some courts say that children "are entitled to trained legal assistance so their rights may be fully protected."[2] *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see also Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991). Other courts have reasoned that the rule "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005). And because these circuits have seen the counsel mandate as driven by policy, not text, they have fashioned policy-based exceptions. *See Myers*, 418 F.3d at 400; *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002).

---

[2] These cases are silent as to where a child's supposed right to counsel in civil cases comes from. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) (there is generally no right to counsel in civil cases).

2

A third group of cases rely on the "common-law principle" that "a non-lawyer may not represent another person in court." *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (quoting *Heldt v. Nicholson*, No. 99–2120, 2000 WL 1176879, at *1 (6th Cir. Aug. 10, 2000) (unpublished)); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998), *abrogated on other grounds by Winkelman*, 550 U.S. 516. The panel melded this "common-law" approach with its misinterpretation of § 1654 to create a new clear-statement rule similar to the common-law rule. Slip Op. 4–5; Pet. at 7–12.

In short, the law across the circuits is muddled, and the panel's decision charts *yet another* new approach. En banc review would enable this Court to state a clear test that is rooted in the text of the governing federal statutes and procedural rules, and consistent with Supreme Court decisions upholding parental rights.

The panel's decision also introduces confusion into Fifth Circuit caselaw. DISD's attempt to reconcile the panel's opinion with this Court's earlier decision in *Harris v. Apfel*, 209 F.3d 413, 416–17 (5th Cir. 2000), is unsuccessful. DISD Br. 7. It is true that the cases share some superficial

3

similarities. The panel's opinion said that a parent may proceed if the child's claim belongs to the parent. Slip Op. at 6. *Harris* reasoned that the plaintiff-parent could proceed *pro se* because she had "a personal stake in the litigation" of their child's Social Security Act appeal. 209 F.3d at 416–17. But that is where the similarity ends. *Harris*'s "personal stake" test is far more forgiving than the panel's clear-statement rule.

*Harris*'s holding was motivated by two policy considerations: (1) appeals from denial of SSI benefits are generally simple and do not require the advice of counsel; and (2) plaintiffs in such cases are usually unable to afford counsel, jeopardizing their right to judicial review. *Id.* at 419. *Harris* was explicit that its test was driven by policy, not by its reading of any statute or common-law tradition. *See id.* at 416 ("the reasons for the general rule do not apply to such appeals"); *id.* at 417 ("We conclude that policy considerations . . . compel our holding that a non-attorney parent be permitted to sustain a pro se action on behalf of a minor child in SSI appeals."). If the panel truly wished to follow *Harris*, it would have inquired whether this case was factually simple and whether Ms. Raskin could afford counsel.

The panel and the *Harris* court did not just use different methodologies—*Harris*'s holding is incompatible with the panel's approach.

4

After all, the Social Security Act does not state that a child's claim is the parent's "own" or give parents the right to proceed *pro se* on behalf of their child on appeal. *Compare Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (discussing the relevant provisions from the Social Security Act) *with* Slip Op. 6. If the panel's methodology was applied straightforwardly to the Social Security Act, *Harris* would have to be overruled. En banc review is needed and appropriate to provide clarity in this area of law.

**II. The panel's remand does not weigh against en banc review.**

DISD repeatedly argues that because the panel left open the possibility that Texas law could satisfy the panel's clear-statement rule on remand, Ms. Raskin should try to prevail under the panel's rubric before seeking to have the correct test implemented. DISD Br. at iv–v, 10–11. This makes little sense. The Court should not leave in place a panel's erroneous legal standard merely because a litigant theoretically could satisfy that misbegotten standard on remand. That is especially so where Ms. Raskin would be plainly entitled to represent her child *pro se* under a proper reading of the law, while her hopes on remand under the panel's test are much more attenuated. Section 1654 does not impose any heightened "their own" test, nor does common law cut against parental pro se representation. When those artificial hurdles are removed, Federal Rule of Civil Procedure 17 and Texas law firmly

5

grant Ms. Raskin the right to represent her child pro se. Pet. 12–14. This Court should state the correct law, rather than leaving Ms. Raskin and other parents to proceed under less-favorable terms for the foreseeable future.[3]

To the extent there are questions about the meaning of Texas law, the district court is in no better position than this Court to decide these purely legal questions. If Texas law is ambiguous, the district court cannot certify questions to the Supreme Court of Texas—this Court can. There is nothing about this purely legal question that would benefit from factual development in the district court. Ms. Raskin's argument is fully developed now, both in her petition and in Judge Oldham's dissent. There is no reason to kick the can down the road.

### III. The panel's newfangled clear-statement rule cannot be reconciled with Ms. Raskin's well-established constitutional rights.

Tellingly, DISD spends no space in its brief contesting Ms. Raskin's argument that the panel's clear-statement rule conflicts with three separate constitutional rights: the constitutional rights of parents, the constitutional

---

[3] In any case, the panel's offer of a glimmer of hope is illusory. The panel has already indicated that Texas law's statement that parents may "represent" their children, *See* TEX. FAM. CODE § 151.001(a)(7), is not clear enough to meet the panel's test because the statute does not include the magic words "represent *pro se*." Slip Op. 7 n.5.

6

right to self-representation, and the constitutional right to access the courts. Pet. 14–17. Thus, Dallas ISD's contention that "Raskin does not argue that the panel decision conflicts with any Supreme Court precedent," DISD Br. 5, is flatly wrong. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (parents possess a fundamental liberty interest in the "care, custody, and control of their children"); *Faretta v. California*, 422 U.S. 806, 826 (1975) (recognizing the deeply rooted right of self-representation); *Chambers v. Balt. & Ohio R.R.*, 207 U.S. 142, 148 (1907) (the right to access the courts is one of the "highest and most essential privileges of citizenship," a "right conservative of all other rights"). A clear-statement rule that renders all children who enter court "wards of the state," that forces legal counsel on the unwilling, and that premises access to civil justice on ability to pay legal fees, raises serious constitutional questions. This Court, sitting en banc, should answer those questions.

## CONCLUSION

The petition for rehearing en banc should be granted.

7

Date: July 31, 2023

Respectfully submitted,

By: /s/ Aaron M. Streett
    Aaron M. Streett
    Texas Bar No. 24037561
    **BAKER BOTTS L.L.P.**
    910 Louisiana Street
    Houston, Texas 77002-4995
    Tel: 713.229.1234
    Fax: 713.229.1522
    aaron.streett@bakerbotts.com

    Matthew P. Erickson
    Texas Bar No. 24134310
    **BAKER BOTTS L.L.P.**
    401 South 1st Street, Suite 1300
    Austin, TX 78704-1296
    Tel: 512.322.2500
    Fax: 512.322.2501
    matt.erickson@bakerbotts.com

    Kelly Shackelford
    Hiram Sasser
    **First Liberty Institute**
    2001 West Plano Parkway
    Suite 1600
    Plano, TX 75075
    Tel: 972.941.4444

    ATTORNEYS FOR PLAINTIFF-APPELLANT
    ALLYSON RASKIN

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, a copy of the foregoing document was electronically served on all counsel of record through the Court's CM/ECF system.

*/s/ Aaron M. Streett*
Aaron M. Streett

## CERTIFICATE OF COMPLIANCE

Excluding the items exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,585 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and 5th Cir. Rule 32.1, and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Georgia font.

/s/ *Aaron M. Streett*
Aaron M. Streett